TAYLOR v. KING.

(81 S. E. 172.)

MORTGAGES. PAYMENT. TENDER. FORECLOSURE. ATTORNEYS' FEES.

1. Where a note and mortgage, providing for attorneys' fees if placed in the hands of attorneys for collection, were placed in attorneys' hands before the date to which the time of payment had been' extended and before such date the amount due was tendered, a Court of equity which has control of such contracts for attorneys' fees would deny a recovery of such fees.

2. Where a mortgagee refused a tender because he thought a year's interest had not been paid, he could not afterwards attack the sufficiency of the tender because of a slight deficiency in the amount tendered.

3. A mortgagee could not recover interest, cost, and attorneys' fees, notwithstanding his refusal to accept a valid tender, because of the failure of the mortgagor's agent to date a credit on the note, as it was his own duty to enter the credits on the security of which he had possession, which obligation was not changed by allowing the mortgagor's agent to do it, especially where it did not appear that the tender would have been accepted if the credit had been dated.

Before SHIPP, J., Greenwood, December, 1913. Affirmed.

Action by George H. Taylor against Mrs. Lila O. King and others to foreclose a mortgage. From a judgment for plaintiff for an insufficient amount, he appeals.

*Messrs. Giles & Ouzts,* for plaintiff, cite: *No evidence to support findings of fact:* 51 S. C. 362; 55 S. C. 198; 67 S. C. 541. *Sufficiency of tender:* 71 S. C. 250. *Effect of tender:* Code, sec. 3461. *Attorney's fees:* 71 S. C. 258; 50 S. C. 303; 84 S. C. 458.

*Messrs. Tillman & Mays,* for defendant.

March 26, 1914.

The opinion of the Court was stated by MR. JUSTICE FRASER.

This is an action to foreclose a mortgage given by Mrs. Lila O. King to the Loan & Exchange Bank on November 18, 1904, and duly assigned to the plaintiff. The case shows that "it is admitted by counsel that tender for $1,636.21 was made December 7, 1912." The tender was refused because the appellant claimed that an installment of interest due in 1911 had not been paid. It is now admitted that the 1911 interest had been paid. It is claimed and not denied that Mrs. King had until January 1, 1913, in which to pay the note. The appellant himself says: "After December 7, 1912, I put the paper in Giles & Ouzts' hands for collection." The tender was 66 cents short of the amount due, but it was not refused on that account, but because appellant claimed that the interest for 1911 had not been paid. Foreclosure proceedings were commenced. The case was referred to the master, who found for Mrs. King on the question in dispute, and refused to allow attorney's fees provided for in the note, on the ground that plaintiff was at fault in that Mrs. King would have paid the debt if plaintiff had not erroneously claimed interest for 1911. On appeal from the master's report, Judge Shipp affirmed the master's finding and ordered the plaintiff to pay the costs and refused to allow interest after the date of the tender. From this order the plaintiff appealed upon the following exceptions:

Exception 1: "Because it was error in the master to find as a fact that 'the defendant made an effort to settle the note and mortgage before the papers were placed in the hands of Messrs. Giles & Ouzts, attorneys, but a certain payment, to wit, $130.40, on February 2, 1910, was disputed, and there was no settlement,' and it is most respectfully submitted that it was also error in the Circuit Judge to concur in this finding of fact: (a) Because there is no testimony in the record which even tends to support such finding of fact. (b) Because the entire testimony negatives said conclusion. (c) Because the only and undisputed testimony shows that the first time the dispute arose over the credit of February 2, 1910, $130.40, was by Mr. King with Giles & Ouzts after the mortgage had been placed with them for collection. (d) The testimony conclusively shows that Mr. King did not see Mr. Taylor or attempt to have a settlement with him after 'some time in October, 1912,' but dealt altogether wtih Giles & Ouzts, with whom the note and mortgage had been placed for collection." Appellant means 1911, not 1910.

The appellant said: "After December 7, 1912, I put the papers in Giles & Ouzts' hands for collection." The tender was made on December 7, 1912. It is claimed, however, that the letters of Giles & Ouzts speak for themselves and show as a matter of fact that the note and mortgage had been put in the hands of plaintiff's attorneys as early as November 11, 1912. There is nothing in the case to warrant the placing of the papers in the hands of attorneys before they were due. The plaintiff only claims that he notified the respondent that he wanted his money by December 1, 1912, and admits that he may have agreed to extend the time to January 1, 1913. It would be a great hardship (a hardship a Court of equity would not sanction) to allow an obligee to put his securities in the hands of his attorney before maturity, and require the obligor to pay principal and interest and 10 per cent. attorney's fees, even

though payment is made on the day the obligation is due. Here the record shows, and it is not controverted, that tender was made on December 7, 1912. The sufficiency of that tender is now denied only on one ground that will be considered later, and that attorney's fees are not included. That the Court has control of these contracts for attorney's fees is decided in the recent case of *Coley* v. *Coley,* 94 S. C. 386, 77 S. E. 49.

This exception is overruled.

Exception 2: "It was error to hold that the tender was sufficient: (e) Because the amount tendered was not sufficient. (f) Because under the terms of the contract sued on the defendant had agreed that she would pay all costs of collection, including 10 per cent. attorney's fees if this note was placed in the hands of an attorney for collection."

If the insufficiency refers to attorney's fees, what has been said disposes of (e).

If the insufficiency refers to the 66 cents, then the question cannot now be raised. Am. & Eng. Encyclopædia of Law (2d ed.), vol. 28, p. 18: "Where a tender is refused, not on the ground that the amount is too small, but on some other ground, the objection to the deficiency of the amount is waived." Here the tender was refused because a year's interest had not been paid, and it appeared that the year's interest had been paid. What has been said disposes of the second subdivision.

Exception 3: "Because the master and Circuit Judge both erred in holding that it was not the fault of the defendant that the payment of $130.40 of February 2, 1910, was not credited on the note, when the testimony showed that B. F. King made the credit on the note himself, and his carelessness in not dating said credit was the sole cause of the dispute."

. It was appellant's duty to enter the credits. He had possession of the security. That he sometimes allowed the

agent of Mrs. King to enter the credits does not change the obligation.    It does not appear that a date would have helped matters.    The production of the check itself did not settle the controversy.    The appellant still claims that the face of the check is suspicious inasmuch as the date is in pencil and the body of the check is in ink.

This exception is overruled.

Exception 4: "It was error in the master and Circuit Judge to hold that $1,630 with interest from November 18 to December 7, 1912, was the amount due on said note, when the undisputed record evidence shows that said notes had been in the hands of the attorneys for collection since November 11, 1912, and the defendant had never claimed that the same was not past due."

This exception is overruled for the reasons above stated.

The judgment appealed from is affirmed.