19285

FARMERS BANK & TRUST CO v. FUDGE *ET AL.*

(100 S. E. 628.)

1. APPEAL AND ERROR—REVIEW OF ACADEMIC QUESTIONS.—The question whether under Civ. Code 1912, sec. 1352, a mortgage was a duly recorded instrument in view of claimed disqualification of witnesses making and taking affidavit for probate was academic, where judg-ments, the basis of claims in opposition to the mortgage, were recov-ered upon debts contracted prior to the mortgage.

2. DEEDS—MORTGAGES—ATTESTATION.—Deeds and mortgages are required to be executed with the same formalities, and both must comply with Civ. Code 1912, sec. 3453, as to attestation.

3. MORTGAGES—COMPETENCY OF ATTESTING WITNESSES.—Under Code Civ. Proc. 1912, secs. 437, 438, and in view of the Act September 19, 1866 (13 St. at Large, p. 377), stockholders and officers of a bank which took a mortgage are competent witnesses to its execution within the requirements of Civ. Code 1912, sec. 3453, providing for the execution of deeds.

4. MORTGAGES—GOOD BETWEEN PARTIES THOUGH ATTESTATION INVALID.—A mortgage attested by witnesses who are incompetent stands on the same footing as if it were without witnesses, and is good between the parties.

5. MORTGAGES—RIGHT TO ACCELERATE MATURITY PASSES TO ASSIGNEES.— Where a mortgage provided that in event of the mortgagor's failure to pay interest at the stipulated dates the mortgagee should have the option to declare the principal and interest due, such right passed to an assignee of the mortgage.

6. MORTGAGES—NOTICE OF ELECTION TO DECLARE SAME DUE ON DEFAULT IN INTEREST.—Where a mortgage gave an option to declare the principal and interest due on default in payment of interest, it is not necessary for the mortgagee to give notice, other than the commencement of an action for the interest and principal, of an election to exercise the option to demand payment of principal and interest.

7. MORTGAGES—EFFECT OF ELECTION TO DECLARE PRINCIPAL AND INTEREST DUE.—Where a mortgagee exercised an option to declare both the interest and principal due on nonpayment of interest, *held* that the aggregate of the principal and interest then due became an interest-bearing fund, bearing interest at the rate of 7 per cent. only, and not at the rate of 8 per cent., which was the rate fixed by the mortgage.

Before MEMMINGER, J., Lancaster, Fall term. Modified and affirmed.

Action by the Farmers Bank & Trust Company against R. H. Fudge and others and the Lancaster Mercantile Company and another. From a judgment for plaintiff, the last named defendants appeal.

This action was commenced on the 20th of October, 1917, for the foreclosure of four mortgages on certain lands. The complaint contains two causes of action. In the first, it is alleged: That the defendant, R. H. Fudge, made his promissory note, of which the following is a copy:

"$10,300. Rock Hill, S. C., January 3, 1910. On the date hereinafter stipulated, I promise to pay to the order of Sep Massey the sum of ten thousand three hundred dollars, due and payable nine years after date, together with interest from date at the rate of eight per cent. per annum, payable on January 1st of each succeeding year, provided that failure to meet the interest at the interest period above named shall make the full amount of interest and principal become due and payable forthwith at the option of the mortgagee, negotiable and payable at the National Union Bank, of Rock

Hill, S. C., and in case this note is put in the hands of an attorney for collection by suit or otherwise, upon default of payment thereof, then the undersigned shall pay to the owner of this note ten per cent. in addition to cover the fees and commissions of said attorney.  Value received.  (Signed) R. H. Fudge."

That in order to secure the payment thereof, he executed a mortgage on the lands therein described, which was recorded on the 7th of January, 1910.  That on October 18, 1917, the note and mortgage were duly transferred to the plaintiff by Sep Massey for $11,380.  That by the terms and conditions of said note and mortgage, the defendant, R. H. Fudge, having failed to meet the interest installments when the same became due, the full amount of principal and interest is due and payable, and plaintiff has elected to fore-close the said mortgage.  That the condition of the mort-gage has been broken, and there is due therein $11,380.40, with interest from October 18, 1917, at 8 per cent. per annum.  That plaintiff's attorney is entitled to a reasonable attorney's fee.

It is alleged that two other mortgages were given as additional security for said indebtedness, but it is not neces-sary to describe them.

In the second cause of action it is alleged:

"That on January 28, 1915, the defendants, R. H. Fudge, Gertrude Fudge, and M. E. Cox, executed their joint and several note to plaintiff for $11,123.11, payable on Novem-ber 15, 1915, with interest after maturity at 8 per cent. per annum, payable annually, which note further stipulated for 10 per cent. of the principal as attorney's fee, in case the note be placed in the hands of an attorney for collection after maturity.  That on same day, to secure payment of said note, interest, and attorney's fees, the defendants, R. H. Fudge, Gertrude Fudge, and M. E. Cox, mortgaged to plaintiff the following lands. * * * That on the 1st day of February, 1915, the said mortgage was duly recorded. * * *

That the condition of the mortgage has been broken, and that there is due upon the mortgage debt, $11,123.11, with interest from the 15th of November, 1915, at 8 per cent., payable annually, together with attorney's fees."

The defendant judgment creditors, other than Lancaster Mercantile Company and Catawba Fertilizer Company, made answer, setting up their judgments respectively, against R. H. Fudge, and praying that their rights may be protected according to their priorities.

The Lancaster Mercantile Company and the Catawba Fertilizer Company, appellants, both by demurrer and by answer, separately raised the question that the action in the first cause of action is premature, in that it appears upon the face of the complaint that the alleged note for $10,300, dated January 3, 1910, does not fall due until nine years thereafter, viz., January 3, 1919. That the mortgagee, Sep Massey, did not, during the time of his ownership of the note and mortgage, declare the mortgage debt to be due and payable, in default of payment of interest annually thereon, and did not give any notice of the exercise of his option to declare the mortgage due. That the plaintiff claimed to have purchased said mortgage on October 18, 1917, and immediately thereafter commenced this action without any demand for any arrears of interest or notice of the exercise of any option in respect thereto. That plaintiff is without power to exercise an option granted to the mortgagee, Sep Massey, not asserted by Sep Massey, but waived by him and for a default occurring previous to plaintiff's alleged ownership.

These defendants, separately answering, denied the allegations of the complaint and set up their respective judgments as prior liens upon the mortgaged premises. That the Lancaster Mercantile Company recovered judgment against R. H. Fudge on April 3, 1913, for $5,350.87 (this judgment, however, was not entered on the abstract of judg-

ments until September 16, 1916), and that plaintiff had notice of the judgment at the time of the execution of mortgage to the plaintiff. That the Catawba Fertilizer Company recovered judgment against R. H. Fudge, Gertrude Fudge, and M. E. Cox on April 11, 1917, for $3,818.32, and that execution thereon was lodged with the sheriff and remained wholly unsatisfied.

The answer of each of these defendants further alleges that on and previous to January 28, 1915, the defendants, R. H. Fudge, Gertrude Fudge and M. E. Cox, were indebted to the Catawba Fertilizer Company upon the indebtedness for which said judgment was recovered, and that plaintiff had notice of this fact. That R. H. Fudge, Gertrude Fudge and M. E. Cox were then and now are each insolvent, and that the property covered by the mortgage was practically all the property of the defendant mortgagors. That the claim sought to be secured by the mortgage was antecedent to said mortgage. That the mortgage was made with a view to give plaintiff an unlawful preference over the other creditors. That plaintiff at the time of execution of said mortgage had reasonable cause to believe that the mortgagors were insolvent, and that the mortgage was made to give plaintiff an unlawful preference. That said mortgage was an assignment with unlawful preference, and void under the assignment statute. The answer further alleged that said mortgage was given and accepted with intent of mortgagors and mortgagees to hinder, delay, and defeat the claims of these defendant creditors, and is void under the Statute of Elizabeth.

The prayer of the answer was: That the complaint as to the first cause of action be dismissed as prematurely brought. That the mortgage set up under second cause of action be declared void. That in the event of sale of the premises, provision be made for payment of defendant's judgment according to rank.

The decree of his Honor, the Circuit Judge, is as follows:

"The cause was heard by me on November 14, 1918, during the November term of the Court of Common Pleas of Chester county, upon the issues stated, and upon the testimony reported and after full argument by counsel, especially of counsel for contesting judgment creditors, who was heard uninterruptedly for practically a whole day, and upon careful consideration of same, and of all the testimony, the Court concludes that the points raised by the contesting defendants, including the demurrer to the first cause of action, are not well taken, and the same are overruled, and that the mortgages held by plaintiff are entitled to be foreclosed.

"The Court finds as a matter of fact from the testimony that the bank did not know that an order for judgment had been made against R. H. Fudge in favor of Lancaster Mercantile Company on April 3, 1913, which was held back from entry until September 16, 1916, or that Fudge owed other debts or was insolvent; and, while from the facts that the mortgage was witnessed by officers of the bank, thereby requiring a greater scrutiny as to its fairness, upon the whole case the Court is satisfied that there was no fraud, and that the transaction was perfectly fair.

"This Court is also satisfied that there was no intention on the part of Fudge to make a preference in favor of the bank as against other creditors, but he was acting under the belief that he would pull through after a bad year; and the bank, even if he had any intention to prefer it to hinder, delay, or defraud creditors, was not a party to such intention, and did not co-operate in any such idea.

"The Court finds from the testimony that there is now due on the mortgage debt stated in the first cause of action the sum of $12,359.11, together with the further sum of $515, found to be a reasonable fee for plaintiff's attorney in the first cause of action, making a total due on the said mortgage of $12,874.11.

"The Court finds from the testimony that there is now due on the mortgage debt stated in the second cause of action the sum of $14,006.23, being principal and interest, together with the further sum of $556.15, found to be a reasonable fee for plaintiffs' attorney in the second cause of action, making a total due on the said mortgage debt of $14,562.38.

"The attorney's fee is fixed at 5 per cent. of the principal of each mortgage debt, which is supported by the evidence, and which is considered entirely reasonable in view of the fierce contest that has been waged herein throughout."

Then follows the judgment of the Court as to the manner in which the decree should be enforced.

*Messrs. Jones & Jones,* for appellants, cite: *As to action being prematurely brought:* 22 L. R. A. (N. S.) 956; 75 Am. Dec. 225; 12 L. R. A. (N. S.) 1190; 57 L. R. A. (N. S.) 151; L. R. A. 1818c, 1017; Annotation, page 1020. *As to mortgage not being legally executed:* Vol. I, Code of Laws, sec. 3453; 10 Rich. Eq. 149; 2 Words and Phrases 1710; 3 Strob. 589; 2 Bailey 24; Code of Procedure, sec. 437; 68 S. C. 460; 131 U. S. 317; (Ga.) 59 S. E. Rep. 8; (Ga.) 75 S. E. Rep. 248; (Ill.) 63 N. E. Rep. 1049; 89 Am. St. Rep. 330; (Ala.) 82 A. S. R. 216; (Ohio) 60 N. E. 437; (N. D.) 46 L. R. A. 721; A. S. R. 779; 90 S. C. 473. *As to mortgage not being legally recorded:* Vol. I, Code of Laws, sec. 1352; 56 A. S. R. 795, with citations and the annotation at page 789; 1 R. C. L., sec. 41; 97 Tenn. 285; 33 L. R. A. 388; 106 S. C. 413; 1 R. C. L. 279; 64 S. C. 201; 41 S. E. Rep. 978; 92 A. S. R. 800; 1 R. C. L., secs. 82, 83, 80. *As to mortgagee's responsibility for the means used by Fudge to obtain the mortgage:* 82 S. C. 173; 81 Am. Dec. 598; 90 A. S. R. 692; 76 A. S. R. 850. *As to insolvency of R. H. Fudge, Gertrude Fudge and M. E. Cox at the time of the alleged mortgage:* 33 S. C. 451; 42 S. C. 483; 53 S. C. 366; 33 S. C. 530; 94 S. C. 84. *Mortgage void under the assignment law:* 42 S. C. 475; 64 S. C. 354; 26 S. C. 441; 44 S. C. 183. *Mortgage void under the com-*

*mon law and the Statute of Elizabeth:* 64 S. C. 364; 20 Cyc. 497; 45 S. C. 519; 14 S. C. 249; Neg. Inst. Act 1914, p. 682, sec. 89; 1 McC. 227; 1 Bailey's Eq. 141; 24 S. C. 499; 34 S. C. 7; 19 S. C. 498; 45 S. C. 14. *Even if mortgage is not·void, equity would not justify any relief to plaintiff beyond the extent of the valuable consideration from the mortgagee to each of the several mortgagors:* McM. Eq. 27; Hill Eq. 288; 3 Rich. 204; 41 S. C. 423. *As to mortgage intended to be more than a mere security for existing debt, but also a means of delaying or hindering other creditors:* 14 S. C. 334; 1 Rich. Eq. 410; Rice Eq. 73.·

*Messrs. Dunlap & Dunlap,* for respondent, cite: *As to interest:* 80 S. C. 280. *As to rights of assignee of mortgage:* 92 S. C. 384. *Was action prematurely brought:* 56 S. C. 549. *As to the competency of the witnesses to the mortgage:* Code 1912, sec. 3543, vol. I; 2 Bailey 24; 90 S C. 470; 106 S. C. 410; 91 S. E. 304; 65 S. C. 184; 56 A. S R., pp. 795-802; 47 N. J. Eq. 573; Annotated Cases 1916d, p. 705; 181 Ala. 272; 61 So. 302; 167 Cal. 392; 139 Pac. 1066; (Ky.) 181 S. W. 960. *Who are subsequent creditors?* 57 S. C. 280; 35 S. E. 529. *As to the question of the assignment act, insolvency and the Statute of Elizabeth:* 64 S. C 354; 94 S. C. 80; 56 S. C. 154. *As to fee of plaintiff's attorneys:* 84 S. C. 158.

*Mr. W. P. Robinson,* also for respondent, cites: *As to action not being premature:* 92 S. C. 384. *As to the execu tion of the mortgage, probate and record:* Civil Code, vol I, secs. 3453, 1352, 1355; 15 Corpus Juris 1346. *As to who are subsequent encumbrances or creditors:* 56 S. C 463; 57 S. C. 280. *Witness who had an indirect interest in a transaction is not thereby rendered incompetent:* 90 S. C 470. *As to notice furnished by record of the mortgage:* 1 Corpus Juris 773. See, also, cases cited under note 35; 1

R. C. L. 271-273; 106 S. C. 410; 22 S. C. 332 and 79 S. C. 357, distinguished. *As to burden being on appellant to show that finding of fact is against the greater weight of the evidence:* 91 S. C. 473; 105 S. C. 1; 105 S. C. 60. *As to claim that mortgage is void under assignment law:* 65 S. C. 96; 64 S. C. 354. *As to Statute of Elizabeth:* 64 S. C. 354; 27 S. C. 286; 56 S. C. 154.

October 22, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

(After stating the facts as above.)   Two of the appellants' exceptions assign error on the part of his Honor, the Circuit Judge, as follows:

"In sustaining the mortgage as a duly recorded instrument, when the undisputed evidence is that W. H. Millen, the witness who made the affidavit for probate, was then a stockholder, director and cashier of the plaintiff bank, and directly represented the bank in procuring and accepting the mortgage, and that W. P. Robinson, the other witness who took and certified said affidavit as notary public, was then stockholder, director and attorney of the bank, and actively represented the plaintiff in the transaction, each of them and the plaintiff knowing the relation of interest of both to the plaintiff, but without disclosing the same upon the record.

"In sustaining the mortgage to the plaintiff bank as a legally executed instrument, the undisputed evidence being that the subscribing witnesses were disqualified by interest to be witnesses thereto, both being stockholders and directors of the bank, one of them being cashier and vice president of the bank, and the other secretary of the board of directors and attorney for the bank, and both directly representing the bank, in procuring and accepting the mortgage."

3—S. C. 113

Section 1352 of the Code of Laws (Civ. Code), provides: "Before any deed or other instrument in writing can be recorded in this State, the execution thereof shall be first proved by the affidavit of a subscribing witness to said instrument, taken before some officer within this State competent to administer an oath; * * * the proof in every case to be recorded with the instrument."

The latest decisions of the Court upon the construction of that section were in the cases of *Dillon v. Oliver,* 106 S. C. 410, 91 S. E. 304, and *Arthur v. Hollowell,* 98 S. E. 202.

The fact, however, that the debts, upon which the appellants recovered their judgments were contracted prior to the execution of the plaintiff's mortgage shows. that the question presented by the first exception is not properly before the Court for consideration; it being purely academic.

We proceed to determine the other exceptions: Section 3453 of the Code of Laws (Civ. Code), is as follows: "The following form or purport of a release shall, to all intents and purposes, be valid and effectual to carry from one person to another or others the fee simple of any land or real estate, if the same be executed in the presence of and be subscribed by two or more credible witnesses. * * * "

Deeds and mortgages are required to be executed with the same fomalities.   *Harper v. Barsh,* 10 Rich. Eq. 149.

"An act which requires that the signing by the grantor, shall be attested by witnesses, has been held to require witnesses *competent to testify in an action at law, between the parties to the deed, involving the subject matter of the conveyance."*   (Italics added.)   9 Enc. of Law, 148.

Section 437 of the Code of Civil Procedure is as follows: "No person offered as a witness shall be excluded by reason of his interest in the event of the action."

And section 438 contains this provision:

"A party to an action or special proceeding in any and all Courts, and before any and all officers and persons acting judicially, may be examined as a witness on his own behalf, or in behalf of any other party, conditionally, on commission, and upon the trial or hearing in the case, in the same manner and subject to the same rules of examination as any other witness. * * * "

There is a proviso, but there is no saving clause specially providing that the section should not in any manner affect the law, relating to the attestation of conveyances, or other instruments in writing, required by law to be attested, as in the statute that was under consideration, in the case of *Winstead Bank v. Spencer,* 26 Conn. 195, where it was held that such a saving clause prevented the application of the statute, which removed the disqualification of subscribing witnesses, arising from interest.

In 1866 (13 St. at Large, p. 377) and prior to the adoption of the Code, in 1872, a statute was enacted, entitled "An act to make parties, plaintiffs and defendants, in all cases, competent to give testimony in such cases, in like manner as other witnesses." There are three sections, but it is only necessary to quote the first, which is as follows:

"That on the trial of any issue joined or of any matter or question, or any inquiry arising, in any suit, action or proceeding in any Court of justice in the State, or before any person having, by law or by consent of parties, authority to receive, hear and examine evidence, the parties thereto, and the persons in whose behalf any such action or other proceeding may be brought or defended, and any and all persons interested in the same, except as hereinafter excepted, shall be competent and compellable to give evidence, either *viva voce* or by deposition, according to the practice of the Court, on behalf of either or any of the parties to the said action or other proceeding: *Provided,* That nothing herein shall be understood to prevent either party from introducing

evidence to contradict or impeach the testimony of parties having interest, and made competent by this act to testify."

This act was construed in the case of *Moseley v. Eakin,* 15 Rich. 324, wherein the Court used the following language:

"By the first section it is declared that 'on the trial of any issue joined, etc., the parties thereto, etc., and all persons interested in the same, except as hereinafter excepted, shall be competent and compellable to give evidence, etc., on behalf of either or any of the parties to the said action or other proceeding.' By the existing law, not only persons interested, but parties in the cause who might have no pecuniary interest, such as executors and administrators and others, were excluded from testifying. The manifest object of the act was to remove these causes of disqualification."

It is true that the act of 1866 has been superseded by the foregoing sections of the Code, but, as the said act and the sections of the Code were intended in the main to accomplish a similar result, a case in which the act of 1866 was construed throws light upon the question under consideration.

It is manifest that it was the intention of the act of 1866, as well as the said section of the Code, to remove the disqualification of all witnesses, arising from interest, not only in actions, but in any proceeding where they are called upon to testify as a witness, except in those cases where the sections of the Code otherwise provide, which do not include subscribing witnesses to a mortgage.

Another reason why this exception cannot be sustained is that the mortgage, even without witnesses, would have been good between the parties; and the fact that the witnesses may be disqualified by interest would not have the effect of destroying its validity. A mortgage attested by witnesses, who are incompetent by reason of interest, stands upon the same footing as if it were without witnesses.

Blackstone, in Book 2 of his Commentaries, tells us "that the last requisite to the validity of a deed is the attestation or execution of it, in the presence of witnesses; though this is necessary rather for preserving the evidence than as constituting the essence of the deed." In the case of *Craig v. Pinson,* Cheves 272, the Court had under consideration the question whether a deed with one subscribing witness was valid to convey land. After quoting the foregoing language from Blackstone, the Court said: "From which it would · seem that according to the laws of England, subscribing witnesses are not * * * necessary to the validity of a deed. An instrument of this kind has been held good, as an agreement in writing, to autorize * * * a specific performance."

It was also held in *Harper v. Barsh, supra,* that a mortgage with a single subscribing witness is void as a legal mortgage, but could be enforced in equity. The effect of the defective execution of a will is quite different from that of a mortgage. Section 3564 of the Code of Laws provides that wills shall be attested, in the presence of three or more credible witnesses, "or else they shall be utterly void and of none effect," while section 3453 provides that in order for a deed to be valid and effectual to carry the fee simple, it shall be executed in the presence of two or more credible witnesses. There are, however, no such words in section 3453 as "or else they shall be utterly void and of none effect." The mere disqualification of a witness does not render a mortgage void, but there must be a provision of law to that effect.

The next exceptions that will be considered are as follows: "(1) In overfuling appellants' demurrer to the first cause of action on the ground that the mortgage debt was not mature, at the commencement of the action.

(2) In not sustaining the defense made in the answers of appellants, to the first cause of action, that the suit was prematurely brought."

The note contains the proviso: "That failure to meet the interest at the interest period above named, shall make the

full amount of principal and interest become due, and payable forthwith, at the option of the mortgagee."

The mortgagor made default in the payment of interest, in January, 1917, and the plaintiff, as assignee, had the right to exercise the option. *Welborn v. Cobb,* 92 S. C. 384, 75 S. E. 691.

It was not necessary to give other notice than the commencement of the action, that the plaintiff elected to exercise the option, or to demand payment of the principal and interest. *Sizer v. Dopson,* 89 S. C. 535, 72 S. E. 464; *Nixon v. Wright,* 104 S. C. 376, 89 S. E. 320.

The mortgagor, R. H. Fudge, testified. "I agree for the Farmers Bank & Trust Company, to take up that note in October, 1917. This foreclosure is entirely agreeable to me."

The appellants' attorneys have failed to satisfy this Court that either Sep Massey or the plaintiff, his assignee, waived the right to insist upon the option.

The next question is presented by the following exception: "In adjudging that there was due on the mortgage debt, in the first cause of action, $12,359.11 as principal and interest, up to the date of decree; whereas, if maturity had been accelerated amount then due would not exceed $12,251.82."

The exercise of the opinion had the effect of accelerating the maturity of the note, and both principal and interest immediately became payable. The aggregate of principal and interest then due became an interest-bearing fund. The exercise of the option had the effect of substituting one contract for another, and the words "with interest from date at the rate of eight per cent. per annum" do not form a part of the substituted contract, which does not specify the rate of interest. Therefore the aggregate of principal and interest bore interest at the rate of 7 per cent. per annum from the time the option was exercised, to wit, the commencement of the action, until the recovery of the judgment. *Langston v.*

*Railroad,* 2 S. C. 248; *Briggs v. Winsmith,* 10 S. C. 133, 30 Am. Rep. 46; *Sharpe v. Lee,* 14 S. C. 371; *Mobley v. Davega,* 16 S. C. 73, 42 Am. Rep. 632; *Maner v. Wilson,* 16 S. C. 469.

His Honor, the Circuit Judge, erred, therefore, in allowing interest at the rate of 8 per cent. per annum.

As to the remaining questions, this Court is satisfied with the conclusions of his Honor, the Circuit Judge, for the reasons assigned by him.

It is the judgment of this Court that the judgment of the Circuit Court be modified in the particular hereinbefore mentioned, and that in all other respects it be affirmed.