## 11048

### BERRY v. CALDWELL *ET AL.*

#### (114 S. E., 405)

1.  MORTGAGES—SUIT TO FORECLOSE, BASED ON ACCELERATION CLAUSE,
    MAY BE COMMENCED WITHOUT PREVIOUS DEMAND.—Where a mort-
    gage provided that, on non-payment of any installment of interest,
    both principal and interest should become due and payable at once,
    the mortgagee had a right to commence an action of foreclosure
    without a previous demand on mortgagor for payment of arrears.

2.  MORTGAGES—RIGHT TO RELIEF FROM PAYMENT OF ATTORNEY FEES
    DETERMINED BY MAXIM, "HE WHO SEEKS EQUITY MUST DO EQUITY."
    —In invoking the equitable power of the Court to nullify a provision
    in a mortgage bond for the payment of a reasonable attorney's fee,
    mortgagor's right to such relief, after commencement of foreclosure
    under acceleration clause without previous demand, must be deter-
    mined in the light of the maxim, "He who seeks equity must do
    equity."

3.  MORTGAGES—PAYMENT OF MORTGAGE DEBT UPON DEMAND IS CONDI-
    TION PRECEDENT TO GRANTING RELIEF TO MORTGAGOR FROM PAYMENT
    OF ATTORNEY FEE.—Where it is the duty of the mortgagor to pay
    or offer to pay the mortgage debt when demand is made, the dis-
    charge of the duty is a condition precedent to his right to be re-
    lieved of the payment of attorney fees provided for in the mortgage.

4.  MORTGAGES—WHERE MORTGAGOR DENIED MORTGAGEE'S RIGHT TO FORE-
    CLOSE, MORTGAGEE WAS ENTITLED TO ATTORNEY FEES.—Where, under
    a mortgage providing for reasonable attorney fees in case of fore-
    closure, the mortgagor overlooked the payment of interest, and the
    mortgagee exercised his right to declare the entire debt due and
    to make demand for payment, by commencing an action to fore-
    close, and the mortgagor in his answer tendered the interest due, but
    denied the right to foreclose or to collect attorney fees, the mort-
    gagee was entitled to reasonable attorney fees.

5.  MORTGAGES—ATTORNEY FEES UNDER A MORTGAGE HELD EXCESSIVE.—
    In an action to foreclose at $14,000 mortgage, which provided for
    acceleration on default in payment of interest, and for reasonable
    attorney's fees in case of foreclosure, *held,* attorney fees of $350
    were excessive, and reduced to $250; it appearing that, while the
    mortgagee had a legal right to commence foreclosure, no previous de-
    mand was made for payment of interest, and no reasonable neces-
    sity existed for commencing the foreclosure.

6.  INTEREST—RATE OF INTEREST AFTER MATURITY HELD A QUESTION OF
    INTENT.—Whether parties to a contract agreed that the specific

rate of interest named should be the rate after maturity is a question of intention, to be derived from the terms of their contract.

7. INTEREST—LEGAL RATE OF INTEREST·ATTACHES TO A MATURED DEBT, UNLESS OTHERWISE AGREED.—If a debt bears a fixed rate of interest on its face higher or lower than that provided by the law, the interest fixed by law attaches on it after maturity, where the parties do not contract otherwise.

8. INTEREST—ATTACHES TO AGGREGATE OF PRINCIPAL AND INTEREST, WHERE MORTGAGEE AS OF RIGHT DECLARES TOTAL MORTGAGE DEBT DUE.—Where the mortgagee, on default in the payment of interest, exercised his right to declare the entire mortgage debt due by commencing suit to foreclose, the entire debt matured, and the aggregate principal and interest became an interest-bearing fund.

9. APPEAL AND ERROR—COMPLAINT, PRAYING FOR JUDGMENT WITH INTEREST AT 6 PER CENT. HELD DETERMINATIVE ON APPEAL OF RATE AFTER MATURITY, WHERE MORTGAGE BOND IS NOT IN THE RECORD.—Where the rate of interest in a mortgage was 6 per cent., and the mortgagee in his complaint in the foreclosure action prayed for judgment with interest at 6 per cent. and a copy of the mortgage bond was not set out in the record, which might have a rate different than legal rate, the Court will not be put in error for allowing 6 per cent., as the mortgagee will be deemed to have construed the rate of interest after maturity to be 6 per cent., instead of the legal rate.

10. MORTGAGES—RENDERING PERSONAL JUDGMENT ON FORECLOSURE DISCRETIONARY.—Under Code Civ. Proc. 1912, § 218, authorizing the Court in a mortgage foreclosure action to render personal judgment for the mortgage debt, the rendition of a personal judgment is discretionary with the Court.

11. MORTGAGES—COURT MAY FIX TERMS OF SALE IN FORECLOSURE ACTION. —A Court of equity has the power to fix the terms of sale in a mortgage foreclosure action.

Before BOWMAN, J., Richland. Fall term, 1921. Modified and affirmed.

Action by T. W. Berry against Grover C. Caldwell and Mutual Holding Co. Judgment for plaintiff and both parties appeal.

*Messrs. Melton & Belser,* for defendants, cite: *Amount and allowance of fees is within discretion of Court of Equity:* 84 S. C., 458; 94 S. C., 383; 97 S. C., 480; 111

S. C., 343.  *Option to declare debt due must be exercised with notice:*  2 Jones Morts., 814; 35 Pac., 1033.  *Number of attorneys cannot enlarge fee:*  117 S. C., 7.  *Wide diversity in approved fees for foreclosure:*  89 Wis., 497; 15 Wis., 522; 84 S. C., 458; 94 S. C., 383; 97 S. C., 477; 111 S. C., 339; 71 S. C., 425.  *As to personal judgment:*  Code Proc. 1912, Sec. 218; 29 S. C., 64; 30 S. C., 296.  *Court may fix terms of sale:*  9 Enc. P. & P. 511; 2 Jones Morts., Sec. 1615; 2 McC. Ch., 455.

*Messrs. N. B. Hargrove* and *H. P. Green,* for plaintiff, cite:  *No necessity for notice where debt is due:*  113 S. C., 25; 77 S. C., 426.  *Attorney's fees:*  84 S. C., 463; 94 S. C., 387; 95 S. C., 343; 97 S. C., 477; 106 S. C., 449; 111 S. C., 39; 71 S. C., 251; 5 Cyc., 518D; 21 Vt. 77; 106 S. C., 534.  *Interest ran on whole fund from date of nonpayment:*  113 S. C., 25.

November 2, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The facts out of which this appeal arises are thus stated in the case:

"On September 16, 1919, the defendant Grover C. Caldwell gave to the plaintiff his mortgage, securing his bond, conditioned for the payment of $14,000, payable $700 one year after date, $700 two years after date, $1,000 three years after date, $1,000 four years after date, and $10,600 five years after date, with interest at 6 per cent. payable quarterly, said mortgage covering a lot, with the brick building thereon, situate on the eastern side of Main street, between Calhoun and Richland streets, in the city of Columbia, S. C. The bond and mortgage contained a clause that the mortgagee should have the privilege, upon the failure to pay any installment of principal or interest, of declaring the whole debt due and foreclosing the same, and the usual provision for securing and recovering a reasonable sum as

attorney's fees in case of foreclosure. Said Grover C. Caldwell, having regularly paid the installments of interest previously falling due, and also the installment of $700 of the principal which fell due on September 16, 1920, on or about the 6th of October, 1920, in consideration of $6,700.00 conveyed the mortgaged premises to the defendant Mutual Holding Company, subject to the said mortgage, and said company was at the time of the commencement of this action and is still the legal owner of said premises. The Mutual Holding Company is a corporation, of which Mr. August Kohn was the secretary and treasurer. Through oversight the Mutual Holding Company neglected to pay the quarterly interest which became due on December 16, 1921. In the early part of January, Mr. T. W. Berry, who lives at Latta, S. C., wrote Mr. Caldwell for the interest, and, receiving no reply, wrote on the 11th of January, 1921, to Mr. G. T. Pressley, the agent who sold the mortgaged land to Mr. Caldwell. Mr. Pressley replied under date of January 13, 1921, advising Mr. Berry that Mr. Caldwell had recently sold the property to Mutual Holding Company, of which Mr. August Kohn was manager, and suggesting that he write Mr. Kohn and call his attention to the interest being due. Mr. Berry, upon receiving this information, made no effort to and did not notify the Mutual Holding Company or Mr. Kohn that the interest was in arrears, or request the payment of the same, but began this action for foreclosure, by which he undertook to declare the entire debt due, and demanded payment of the full amount of the mortgage debt, together with interest at 6 per cent. and with 10 per cent. attorney's fees."

The defendants by their answer tendered the interest due at the rate of 6 per cent. and denied the right to foreclose and collect attorney's fees. The case was referred to the master, who took and reported the testimony to the Court, and it was heard at the fall term, 1921, by his Honor, I. W. Bowman, who rendered his decree herein, dated De-

cember 9, 1921. The decree adjudged that. the, mortgage be foreclosed, calculated the interest on the mortgage debt at 6 per cent. allowed attorney's fees in the amount of $350, and fixed the terms of sale at one-third cash, balance payable in equal installments in one and two years. From this decree both the plaintiff and the defendants appeal.

### DEFENDANTS' APPEAL

The sole question involved is as to the, propriety of the Circuit Judge's allowance to plaintiff of attorney's fees of $350. It is contended (1) that no attorney's fees should have been allowed to plaintiff under the circumstances of this case; and (2) that, if allowed at all, the amount fixed by the decree was excessive.

If the status of the case, at the time of the commencement of the action were determinative of this question we would have no difficulty in concurring in defendants' view that no attorney's fee should be, allowed. But the equitable efficacy of the circumstances upon which defendants rely to avoid the payment of attorney's fees cannot be extended to deny to plaintiff the legal right, which was matured by the default in the payment of the interest, to demand payment in full of the debt evidenced by the bond. He had a legal right to exercise his option to declare the entire debt due and to make demand for payment by commencing the action. *Bank v. Fudge,* 113 S. C., 25, 100 S. E., 628. It may be conceded that the plaintiff was not entitled to claim an allowance of attorney's fees merely by virtue of commencing the action. But, if he was entitled to make demand in that form, and if, having made the demand, he had a legal right to require payment of the principal and interest then due upon the entire debt, it follows that the correlative legal duty of the defendants was to meet the demand by payment, or tender of payment, of the full amount plaintiff was lawfully entitled to recover, viz., principal and interest. of the debt, without the

attorney's fees. Acceptance of the tender—which term is here used in the sense of a bona fide offer to pay—would have ended the matter; its refusal would have fixed the equities of the parties as of the date of the tender. *Taylor v. King,* 97 S. C., 477, 81 S. E., 172.

In invoking the equitable power of the Court to nullify the provision of the bond for the payment of a reasonable attorney's fee, defendants' right to such relief much be determined in the light of the fundamental maxim that he who seeks equity must do equity. If it was the legal duty of the defendants to pay or offer to pay what was due when the demand was made, the discharge of that duty would seem to be a prerequisite to the assertion of a claim on the part of the defendants that they themselves have done equity by according to the plaintiff the full measure of his legal rights.

It is suggested, however, that the entire responsibility for the contest that followed the commencement of the suit should be attributed to the plaintiff, because of the inclusion in his demand of attorney's fees and items of interest which he was not entitled to recover. If it appeared that the defendants' contest of plaintiff's demand had been confined to resistance of the invalid elements of the cause of action asserted, even in the absence of a tender or offer to settle the amount actually due, there would be great force in the contention that plaintiff should not be allowed attorney's fees for conducting litigation to enforce payment of an unfounded claim. But defendants' contest extended to a denial of plaintiff's right to claim the acceleration of the debt and to foreclose the mortgage. When defendants pitched the battle upon that untenable ground, thereby forcing the plaintiff to recover the amount actually due at the end of a contested lawsuit, it would seem clear that defendants are not in a position to invoke the equitable plea that there was no such reasonable necessity for the litigation as would justify the allowance of

attorney's fees in accordance with the stipulation of the bond.

In view, however, of the circumstance that there appears to have been no reasonable necessity in the first instance for making the demand for payment of the debt by the commencement of a suit, and that the demand as thus made included elements the defendants were entitled to resist, we are disposed to construe the provisions of the bond for the payment of a reasonable attorney's fee to warrant the allowance of a very moderate sum. The amount allowed the Circuit Judge is accordingly reduced to the sum of $250, and the Circuit decree is modified to that extent.

### PLAINTIFF'S APPEAL

The first exception assigns error in not calculating the amount due on the bond at the rate of 7 per cent. from the time of the commencement of the action. The complaint alleged that the amount due and unpaid on the bond was the "sum of $13,300, with interest thereon from 16th of September, 1919, at the rate of 6 per cent. per annum," etc., and prayed judgment for the amount set forth in the complaint, "with interest thereon at the rate of 6 per cent." etc. A copy of the bond is not set out in the record. The complaint would indicate that plaintiff construed and interpreted the provisions of the bond and mortgage to mean that the rate of interest specified therein should continue to run after the bond fell due. As was said in *Maner v. Wilson,* 16 S. C., 469:

"This Court has held that, if the debt bears a fixed rate of interest on its face higher or lower than that provided by law, the interest fixed by law attaches on it, for the detention of the principal sum after the debt becomes due, where the parties do not contract that it shall be the rate after that time.' *Langston v. Railroad Co.,* 2 S. C., 248. In several subsequent cases it has been held that it is always

a question of intention, to be derived from the terms of the obligation itself, whether the party agreed that the specified interest should continue to run after it fell due. *Sharpe v. Lee,* 14 S. C., 341; *Mobley v. DaVega,* ante, p, 73."

Unquestionably the exercise of plaintiff's option to 8, 9 declare the entire debt due on the bond by commencing suit had the effect of accelerating the maturity of the bond, and the aggregate of principal and interest then due became an interest-bearing fund. *Farmers' Bank, etc., v. Fudge, supra.* But the intent of the parties, "to be derived from the terms of the obligation itself," as to whether the rate of interest therein specified should continue to run after maturity, must prevail. If that contract covers the rate of interest after maturity, clearly the contract implied by law is not then substituted for the express agreement of the parties. In view of the construction of the contract apparently adopted by plaintiff himself, we cannot hold that the Circuit Judge committed error in calculating the interest at 6 per cent., the rate stipulated by the bond.

The second exception imputes error to the Circuit Judge in not awarding at least 5 per cent. of the amount due as attorney's fee. As already indicated in the consideration of the defendants' contentions upon this phase of the case, we are of the opinion that the conclusion of the Circuit Judge was more favorable to the plaintiff than the facts warranted.

The remaining exceptions are directed to matters 10, 11 that were clearly within the discretionary power of the Court. As to rendering personal judgment against the defendant Caldwell at the date of the decree of foreclosure, see the terms of the statute, Section 218, Code Civ. Proc. 1912. As to not ordering the real estate to be sold for cash, the power of the Court of equity to fix terms of sale upon a reasonable credit would seem too well

settled to require the citation of authority. See Jones on Mortgages, § 1615; *Lowndes v. Chisolm,* 2 McCord, Eq., 455, 16 Am. Dec. 677. No erroneous exercise of discretion having been shown, these exceptions cannot be sustained.

For the reasons stated, all of the plaintiff's exceptions to the Circuit decree are overruled.

It is the judgment of this Court that the decree of the Circuit Court be modified to the extent herein indicated, and that in all other respects said decree be affirmed.

Modified.