22130

James K. GOODWIN, Respondent, v. Evelyn Faye DAWKINS, Appellant.
(317 S. E. (2d) 449)

Supreme Court

*Thomas K. Fowler, Jr.*, of *John K. Koon, P.A.*, Columbia, *for appellant.*

*Thomas C. Mann*, Columbia, *for respondent.*

June 12, 1984.

CURETON, Acting Associate Justice:

This action involves the foreclosure of a mortgage lien on property sold by respondent Goodwin to appellant Dawkins. Dawkins appeals from an order of the circuit court granting the foreclosure and dismissing her counterclaim for fraud and deceit. We affirm.

The issues raised on appeal are: (1) whether the trial judge should have dismissed Dawkins's counterclaim for damages premised on fraud and deceit in the sale of the property, and (2) whether the failure of Goodwin to demand the balance due on the mortgage prior to commencing the foreclosure action defeats the action.

On July 25, 1979, Dawkins purchased from Goodwin two tracts of land for $9,000.00. Dawkins paid Goodwin $2,000.00 down and executed a mortgage for the balance of the purchase price. Payments on the mortgage were due on July 25 and December 25 of each year. Dawkins did not make the July 25, 1981, installment. Thereafter, Goodwin's lawyer sent Dawkins a letter in August, 1981, requesting payment. Upon Dawkins's failure to pay, Goodwin commenced this foreclosure action in September, 1981.

Dawkins answered the complaint and asserted a coun-

terclaim alleging that Goodwin sold her the subject property representing that it had a pond entirely within its boundaries when in fact he knew or should have known that the pond was not entirely upon the property.

The trial judge, who heard the case at a bench trial, found that the evidence did not show that the pond was not on the property, and even if it did, it did not demonstrate that Goodwin knew that the pond was not on the property when he sold it to Dawkins. While not mentioned in the decree of foreclosure, the trial judge denied Dawkins's motion to dismiss Goodwin's complaint for failure to make a demand for the balance due under the mortgage, finding instead that a demand had been made.

Regarding Dawkins's first contention that the trial judge should not have dismissed her fraud claim for lack of evidence, we note first that it is an action at law for damages. 37 Am. Jur. (2d) *Fraud and Deceit* Section 332 (1968). Therefore, our review of the trial judge's findings of fact is limited to determining whether there is any evidence which reasonably supports the judge's findings. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). We find from our review of the record evidence that reasonably supports the trial judge's findings.

The undisputed evidence shows that prior to the sale, Goodwin furnished to Dawkins's husband, who acted as her agent during the entire transaction, copies of two plats which showed that the pond was located entirely upon the subject property. Mr. Dawkins also testified that Goodwin told him the pond was entirely on the property.

While Dawkins testified that he and a surveyor friend surveyed the property about one and one-half years after its purchase and found that the pond was not entirely upon the property, he presented no plat to show the actual location of the pond, nor did the surveyor testify to the pond's location. In fact, it is evident from the record that Dawkins did not know the actual location of the pond. We cannot conclude that the trial judge erred in finding a lack of evidence to show the true location of the pond.

In similar fashion, we think the evidence shows no actionable fraud. The testimony of all witnesses indicates that Goodwin genuinely believed, at the time of the sale, that the pond was located entirely upon the property sold. Moreover, the

plats he furnished Mr. Dawkins confirmed this belief.

To recover for fraud and deceit, Dawkins must show ██ *inter alia* that the representation to Dawkins was false and Goodwin knew of its falsity at the time he made it or that he made it recklessly, without any knowledge of its truth and as a positive assertion. *Halsey v. Minnesota-South Carolina Land and Timber Co.*, 174 S. C. 97, 177 S. E. 29 (1934). We find no evidence that Goodwin knew that the pond was not entirely upon the land sold to Dawkins or that he made the representation as to the location of the pond without any knowledge of its truth. Indeed, the evidence shows Goodwin had in his possession several plats, all of which showed the pond located entirely upon the subject property.

Dawkins next complains that Goodwin made no demand on her for the mortgage balance prior to suit. The record is unclear as to the nature of the demand made upon Dawkins. Mr. Dawkins admits that his wife received a demand letter from Goodwin's attorney. The letter, however, is not made a part of the record on appeal. We infer from the record that the demand letter requested only that the July 25, 1981, mortgage payment be made. According to the complaint, the mortgage note contained the provision:

> And I hereby agree that if at any time any portion of said principal or interest shall be past due and unpaid, the whole amount evidence [sic] by this Note shall, at the option of the holder hereof, become immediately due and said holder shall have the right to institute any proceedings upon this Note. . . .

Goodwin's complaint provided *inter alia:* "[T]he plaintiff, as holder of the said note and mortgage, has and does hereby elect to declare the entire balance of said principal and interest due and payable at once."

Pursuant to the provision in the note authorizing acceleration of the mortgage balance, Goodwin could after ██ default, commence an action to foreclose the mortgage without previous demand on Dawkins for payment of the arrears. *Berry v. Caldwell*, 121 S. C. 418, 114 S. E. 405 (1922). In like manner, Goodwin need not have given notice to Dawkins of his election to exercise his option to accelerate the balance due on the note prior to suit. *Farmer's Bank & Trust Co. v. Fudge*, 113 S. C. 25, 100 S. E. 628 (1919). Further, while an

optional acceleration clause requires an affirmative act on the part of the holder before the acceleration becomes operative, the commencement of the foreclosure action was notice of the most unequivocal character of Goodwin's election to accelerate. 55 Am. Jur. (2d) *Mortgages* Section 386.

Dawkins finally argues that the rules announced in *Berry v. Caldwell, supra,* and *Farmer's Bank & Trust Co. v. Fudge, supra,* are too harsh and could result in a mortgagor losing her property in foreclosure due to mere forgetfulness. She urges us to utilize this case to announce a rule that would require a mortgagee to demand the arrearages, furnish the mortgagor a reasonable period to pay them, then give notice of his election to accelerate prior to commencing a foreclosure action.

The instant facts do not demonstrate that Dawkins did not have ample notice of her default in making the July 1981 payment. To the contrary, after receiving the demand letter, Mr. Dawkins went to see Goodwin about getting an extension of time to pay the July installment.[1] We see no compelling reason under the facts of this case to tamper with the rules. Moreover, to modify the rules in the manner advocated by Dawkins would nullify contract rights of parties to numerous mortgages now extant. We must therefore refuse Dawkins's suggestion.

Accordingly, the order of the trial court is affirmed.

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.

---

[1] Though Dawkins argues in her brief that Goodwin granted an extension of time to pay the July installment, no exception addresses this issue and we make no ruling thereon. In fact, none of Dawkins's exceptions contain a complete assignment of error as required by Supreme Court Rule 4, Section 6. We have elected to decide the case on its merits because the respondent has not objected to the sufficiency of the exceptions and because we can decipher from the exceptions and briefs the issues to be decided.