12856

ANDERSON *ET AL.* v. HALL *ET UX.*

(152 S. E., 521)

November, 1929.

*Messrs. Hood & Hood,* for appellant,

*Mr. A. H. Dagnall,* for respondents,

March 14, 1930.

The opinion of the Court was delivered by Mr. Justice Stabler.

It appears from the record that on or about September 19, 1923, the plaintiff, Claudine S. Anderson, leased to the defendant G. C. Hall, for a term of six years, a small piece of land located near the city of Anderson. The contract, which was in writing, contained the following provision: G. C. Hall agrees to pay the sum of $12.50 per month for three years and on the first day of each month for the above mentioned plot of ground, and for the next three years G. C. Hall agrees to pay the sum of $15.00 per month on the first day of each month, and should G. C. Hall want to rent or lease the property longer than the six years above specified, Mrs. Anderson should choose one man and G. C. Hall choose one and these two men shall choose a third man to fix the price paid per month in the future."

This lot of land was a part of the premises willed by Mrs. Mollie C. Skelton to the plaintiff Holland, her son, in trust for the separate use of her daughter Claudine.

Some time before the termination of the six years fixed by the lease, Hall had a conversation with Mrs. Anderson with reference to the extension which he claimed was provided for in the contract, and she referred him to Holland, the trustee. Later, on August 13, 1929, he wrote her that he desired to continue the lease under its provisions, and in his letter named the man he had chosen as one of the three to fix the rent to be paid by him. It appears, however, that nothing further was done till September 21, 1929, when Mrs. Anderson and Holland, as trustee, instituted proceedings, under Section 5279 of the Civil Code of 1922, in a magistrate's court for the purpose of having Hall ejected from the premises. A rule to show cause was issued, directed to G. C. Hall and Mrs. Lula M. Hall, his wife, to which by answer they made return. On the hearing of the case, the magistrate dismissed the proceedings as to Mrs. Lula M. Hall, who claimed no interest in the premises, but decided that the defendant, G. C. Hall, had failed to show sufficient

cause, as required by the notice to him, why he should not be ejected, and thereupon issued a warrant of ejectment.

Hall appealed to the Circuit Court, and the matter was heard by his Honor, Judge Wilson, who, in a formal order, affirmed the judgment of the magistrate. He now prosecutes his appeal to this Court.

Neither the magistrate nor the Circuit Judge gave any reason for his holding, but it seems to be conceded that it was based on the ground that the contract between Mrs. Anderson and Hall was too indefinite and uncertain as to the term of extension .of the lease, after the expiration of the six years.

The appellant's contention is that it was the intention of the parties, that the lessee should have the right to an extension of six years. The respondents answer that it cannot be determined from the language used what was agreed upon in this respect.

In 35 C. J., at page 1008, we find: "A contract for extension or renewal of a lease must specify the terms and conditions of the renewal or extension with such definiteness and certainty that the Court may determine what has been agreed upon, and if it falls short of this requirement, it is not enforceable."

See, also, 16 R. C. L., 885, 886, et seq.

We think the contention of the respondents is well taken. The contract does not specifically give the lessee the right to an extension or renewal of the lease for any fixed period at the conclusion of the six years; it merely provides that "should G. C. Hall want to rent or lease the above property longer than six years above specified," certain steps should be taken to fix the rental price to be paid per month. From the language used, the intention of the parties as to extension or renewal cannot be determined. In this respect, the contract is too indefinite and uncertain to be enforceable.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease, and Carter concur.