0837

Rosa K. HENDRIX, Appellant v. Richard G. FRANKLIN, Mary E. Franklin, William J. McLaughlin, and Service Corporation of South Carolina, Respondents.

(355 S. E. (2d) 273)

Court of Appeals

*James B. Richardson, Jr.,* Columbia and *James E. Barfield,* Lexington, *for appellant.*

*A. Camden Lewis* and *Keith M. Babcock* of *Lewis, Babcock, Gregory & Pleicones,* Columbia, *for respondents.*

Heard Oct. 20, 1986.

Decided Dec. 15, 1986.

GARDNER, Judge:

Rosa K. Hendrix (Hendrix) brought this action to foreclose a second mortgage on property owned by Richard G. Franklin and Mary E. Franklin (the Franklins). The appealed order reversed the report of a special referee and held that the Franklins were not in default in payment of the installments due on the note and mortgage sought to be foreclosed. We reverse.

The note was for $210,000 and required payment by monthly installments of $1,889.42 on the fourth day of each month. Additionally, the note contained, *inter alia,* the following provision:

> And they do hereby agree that if at any time any portion of said principal or interest shall be past due and unpaid and such default is not paid within twenty (20) days, the whole amount evidenced by this Note shall, at the option of the Holder hereof, become immediately due and payable and said Holder shall have the right to institute any proceedings upon this Note and any collaterals given to secure the same for the purpose of collecting said principal and interest, with cost and expense, or of protecting any security connected herewith.

The Franklins mailed a check dated February 18, for the February 4, 1984 payment to the Hendrixes; the check was received by the Hendrixes on Saturday, February 24 and presented for payment at the bank on Monday, February 26 and again on February 27; on both occasions, the bank refused payment because of insufficient funds in the account

on which the check was drawn. It developed from the testimony that the Franklins honestly believed there was sufficient funds to pay the check and that the insufficiency was the result of a miscalculation by the Franklins as to the balance in their account because of a mistaken belief that a regular monthly bank draft on a separate debt had ended in January of 1984, when in fact the last automatic draft on the account was made in February of 1984. On March 1, 1984, sufficient funds were deposited to pay the check.

After non-payment of the check on February 27, 1984, Hendrix turned the check over to her attorney who instituted this action. The attorney retained the bad check. No notice of acceleration prior to the service of the summons and complaint was given the Franklins.

The trial court ruled that by retaining the bad check ■ Hendrix forfeited her right of foreclosure; we summarily reject this ruling. Hendrix had the right to retain the check as evidence and we so hold.

We do, however, address the issue of whether this case is controlled by *Allendale Furniture Co. v. Carolina Commercial Bank*, 284 S. C. 76, 325 S. E. (2d) 530 (1985). There the Supreme Court implied that when an acceleration clause does not provide for acceleration without notice, the exercise of the option to declare acceleration must be communicated to the debtor or manifested by some affirmative act sufficient to constitute notice to the debtor of acceleration.

What the Supreme Court did not say in *Allendale* is ■ that the commencement of suit for foreclosure is notice of election to accelerate and that this is the general law of the land and has long been the law of South Carolina. *Goodwin v. Dawkins*, 282 S. C. 40, 317 S. E. (2d) 449 (1984); *Berry v. Caldwell*, 121 S. C. 418, 114 S. E. 405 (1922); *Farmers Bank and Trust Co. v. Fudge*, 113 S. C. 25, 100 S. E. 628 (1919). The court in *Allendale* did not reach the issue of notice by service of summons and complaint because it was not necessary in the case; it is in this case. And we hold that by the service of the summons and complaint for foreclosure adequate notice of acceleration was given to the Franklins.

For the reasons stated, the appealed order's holding that the Franklins were not in default is reversed and the case is remanded to the Court of Common Pleas for Lexington

County with directions that the trial judge address the two exceptions to the Master's report in this case relating to attorney fees.

Reversed and remanded.

SANDERS, C. J., and SHAW, J., concur.