24148

Lacey C. ELLIS, formerly Lacey C. Taylor, Petitioner v.
James G. TAYLOR, Respondent.

(449 S.E. (2d) 487)

Supreme Court

*Kenneth C. Porter,* of *Porter & Rosenfeld,* Greenville, *for petitioner.*

*Jefferson V. Smith, Jr.,* of *Carter, Smith, Meriam, Tapp, Rogers & Traxler,* Greer, *for respondent.*

Heard May 3, 1994.

Decided Sept. 19, 1994.

MOORE, Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision reported at — S.C. —, 427 S.E. (2d) 678 (Ct. App. 1992). Petitioner (Mother) contends the Court of Appeals erred in construing the parties' separation agreement. We affirm in part and reverse in part.

## FACTS

Mother and respondent (Father) were married in 1970 and had two sons, James and Curtis Lee. The parties divorced in 1978. Their separation agreement was incorporated into the divorce decree and provided:

> [Father] agrees to pay *all reasonable expenses* for college education for the children of the parties, including tuition, room and board, books, materials, and supplies *to the extent that such expenses are not provided by any scholarship, grant or other assistance available to the children.* (Emphasis added.)

The elder son, James, enrolled in Presbyterian College in 1990. Father informed Mother he could contribute only $6,250 towards college expenses. Mother brought this action seeking the total cost of James's college education. The family court ordered Father to pay $10,000 per year towards the $13,200 annual education expenses for tuition, room and board, and books. On appeal, the Court of Appeals affirmed, holding that Father's financial ability and James's ability to contribute towards his education through work and loans were to be considered in determining "reasonable expenses."

## DISCUSSION

First, Mother contends the Court of Appeals erred in considering Father's financial ability to pay and James's ability to contribute to college expenses in construing the phrase "all reasonable expenses." We agree.

A parent may contractually obligate himself to pay educational expenses beyond the age of majority. *McDuffie v. McDuffie*, — S.C. —, 438 S.E. (2d) 239 (1993). Construction of such an agreement is a matter of contract law. *Id.* When the language of a contract is plain and capable of legal construction, that language alone determines the instrument's force and effect. *Jordan v. Security Group, Inc.*, — S.C. —, 428 S.E. (2d) 705 (1993). The court's duty is to enforce the contract made by the parties regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully. *Id.*

The plain language of the parties' agreement defines the reasonable expenses Father is to pay. These expenses include tuition, room and board, books, materials, and supplies. Nothing in the agreement requires consideration of Father's financial ability nor does it require the children to minimize college expenses. Accordingly, we reverse the Court of Appeals' holding that Father's financial ability and James's ability to contribute reduced Father's obligation to pay.

Mother further contends the Court of Appeals erred in holding that loans available from Presbyterian College constituted "other assistance" that reduced Father's obligation to pay. We agree.

The agreement states that Father will pay all reasonable expenses "to the extent that such expenses are not provided by any scholarship, grant or other assistance available to the children." When words of particular and specific meaning are followed by general words, the general words are construed to embrace only persons or things of the same general kind or class as those enumerated. *See Swanigan v. American Nat'l Red Cross*, — S.C. —, 438 S.E. (2d) 251 (1993). The forms of "assistance" enumerated in the agreement are all within the same general class of programs that do not require repayment. We find "other assistance" does not include loans that require repayment. Accordingly, we reverse the Court of Appeals' holding on this issue.

Finally, Mother contends the Court of Appeals erred in affirming the termination of Father's support payments for James. We disagree.

The parties' agreement provides that "[a]s each child begins college, the parties shall agree to an amount for support of the home while said child is in college." A contract provision leaving material terms open for future agreement is void for indefiniteness. *Anderson v. Hall,* 155 S.C. 320, 152 S.E. 521 (1930). We find the provision for continuing support too indefinite and uncertain to be enforceable. Accordingly, while our analysis differs from that of the Court of Appeals, we affirm the termination of child support when James entered college.

Affirmed in part; reversed in part.

CHANDLER, FINNEY and TOAL, JJ., concur.

HARWELL, C.J., not participating.