590 S.E.2d 27

SOUTHERN ATLANTIC FINANCIAL
SERVICES, INC., Petitioner,

v.

Donna F. MIDDLETON, Respondent.

No. 25759.

Supreme Court of South Carolina.

Heard Nov. 6, 2003.

Decided Dec. 8, 2003.

Donald E. Rothwell and Scott L. Hood, both of Rothwell Law Firm, of Irmo, for Petitioner.

David Popowski, of Charleston, for Respondents.

Justice WALLER:

We granted a writ of certiorari to review the Court of Appeals' opinion in *Southern Atlantic Financial Services, Inc. v. Middleton*, 349 S.C. 77, 562 S.E.2d 482 (Ct.App.2002). We affirm as modified.

## FACTS

On June 25, 1996, Donna Middleton entered into a note and mortgage with Petitioner, Southern Atlantic Financial Services, to borrow $186,000 to refinance her home. Four months later, in October 1996, Middleton brought suit against Southern, and the broker which obtained the loan, seeking a reduction in the stated interest rate from 11.99% to 8%. Middleton claimed the broker, Carolina Federal Mortgage Company, had orally agreed to an 8% interest rate. Summary judgment was granted to Southern on the basis that the broker was not its agent and could not reduce the interest amount.

Subsequently, Southern brought suit to foreclose on the mortgage and determine the amount due under the note.[1] Middleton argued Southern failed to send her a notice of default and right to cure, as required by the note. The master ruled the note did not require Southern to provide

---

1. The foreclosure suit was instituted in Dec. 1996, but was held in abeyance pending resolution of Middleton's suit. At the hearing before the master in May 2000, it was revealed that Middleton had deeded the property which was the subject of the foreclosure action to a third party. In light of this fact, the master found he could not go forward with the foreclosure hearing, but he did go forward with the hearing on Middleton's liability under the note.

Middleton notice prior to accelerating the balance. Based on the testimony of Southern's executive vice-president, the master awarded Southern judgment of $311,457.63.[2] The Court of Appeals reversed; it found the default provision of the note created an ambiguity as to whether notice was required prior to accelerating the balance due; the Court of Appeals therefore remanded to the master for a new trial to determine the parties' respective intent and determine whether Middleton had a right to notice of default and a right to cure.

## ISSUE

Is the default provision of the note ambiguous?

## DISCUSSION

The Note signed by Middleton provides, in pertinent part, as follows:

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) **Notice of Default**

If I am in default, the Note Holder **may** send me a written notice telling that if I do not pay the overdue amount by a certain date, the Note Holder **may** require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date **must** be at least 30 days after the date of which the notice is delivered or mailed to me.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, **the Note Holder does not require me to pay immediately in full as described above,** the Note Holder will have the right to be

---

**2.** This figure included interest, insurance, and taxes Southern had paid on the property. Middleton never made any payments.

paid back by me for all of its costs and expenses in enforcing this Note . . .

(Emphasis added).

 Generally, if the terms of a contract are clear and unambiguous, this Court must enforce the contract according to its terms regardless of its wisdom or folly. *Ellis v. Taylor*, 316 S.C. 245, 449 S.E.2d 487 (1994). Ambiguous language in a contract, however, should be construed liberally and interpreted strongly in favor of the non-drafting party. *Myrtle Beach Lumber Co., Inc. v. Willoughby*, 276 S.C. 3, 274 S.E.2d 423 (1981). "After all, the drafting party has the greater opportunity to prevent mistakes in meaning. It is responsible for any ambiguity and should be the one to suffer from its shortcomings." *Bazzle v. Green Tree Financial Corp.*, 351 S.C. 244, 262, 569 S.E.2d 349, 358 (2002), *vacated on other grounds*, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003). A contract is read as a whole document so that "one may not, by pointing out a single sentence or clause, create an ambiguity." *Schulmeyer v. State Farm Fire and Cas. Co.*, 353 S.C. 491, 579 S.E.2d 132 (2003), *citing Yarborough v. Phoenix Mut. Life Ins. Co.*, 266 S.C. 584, 592, 225 S.E.2d 344, 348 (1976).

The Court of Appeals cited caselaw that the term "may" generally signifies "optional." *See Kennedy v. South Carolina Retirement System*, 345 S.C. 339, 549 S.E.2d 243 (2001); *Rice v. Multimedia, Inc.* 318 S.C. 95, 456 S.E.2d 381 (1995). However, the Court of Appeals failed to acknowledge that these cases also stand for the proposition that the action spoken of is optional or discretionary **"unless it appears to require that it be given any other meaning."** (Emphasis supplied). *Kennedy, supra*, 345 S.C. at 353, 549 S.E.2d at 250; *see also State v. Wilson*, 274 S.C. 352, 356, 264 S.E.2d 414, 416 (1980).

The Court of Appeals nonetheless went on to hold, citing an Eighth Circuit case, that "[a]cceleration of an installment note, however, is a harsh remedy." 349 S.C. at 83, 562 S.E.2d at 486, *citing First Bank Investors' Trust v. Tarkio College*, 129 F.3d 471 (8th Cir.1997). Accordingly, it held that "[b]ecause of the severity of the circumstances, a payee's right to accelerate should therefore be clearly and unequivocally articulated within the agreement." *Id.* (Emphasis in original). The Court of Appeals held that the note here "was a contract of

adhesion filled with boiler plate language made between a sophisticated lender and an unsophisticated maker," and cited a California case establishing judicial limitations on the enforcement of adhesion contracts when the contract "does not fall within the **reasonable expectations** of the weaker or "adhering party." *Id. citing Graham v. Scissor–Tail, Inc.,* 28 Cal.3d 807, 171 Cal.Rptr. 604, 623 P.2d 165 (1981) (emphasis supplied).

Although we agree with the Court of Appeals' ultimate holding, we find its creation of a "reasonable expectations" test is an unwarranted and unnecessary extension of South Carolina law as this case may be decided utilizing basic principles of contract ambiguity.[3]

We find the provisions of the note here are patently ambiguous. While it is possible to construe the note as simply giving rise to an **option** on the part of Southern to give **notice** of default, the fact that it sets forth a mandatory notice provision renders it susceptible of another construction. As noted previously, the provisions states:

> If I am in default, the Note Holder may send me a written notice telling that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. **That date must be at least 30 days after the date of which the notice is delivered or mailed to me.**

(Emphasis supplied). We find this provision is susceptible of a construction that the note sets forth that the Note Holder **may** accelerate, but that if it decides to do so, it must give at least 30 days notice prior to accelerating. *See Collins v. Doe,* 352 S.C. 462, 574 S.E.2d 739 (2002)(use of words such as "shall" or "must" indicates a mandatory requirement). Such a construction is consistent with caselaw that ambiguous language in a contract should be construed liberally and inter-

---

**3.** For the same reasons, we do not address whether the present contract is one of adhesion; the Court of Appeals' opinion is modified to the extent it so held.

preted strongly in favor of the non-drafting party. *Myrtle Beach Lumber Co., Inc. v. Willoughby, supra.*

The Court of Appeals' opinion is affirmed as modified.[4]

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

---

4. We are in accord with the Court of Appeals that the two South Carolina cases dealing with acceleration clauses are not controlling here. In *Allendale Furniture Co. v. Carolina Commercial Bank*, 284 S.C. 76, 77, 325 S.E.2d 530, 530–531 (1985), the note specifically stated that upon default, the balance would become "at once due and payable at the option of the holder without further notice." In *Hendrix v. Franklin*, 292 S.C. 138, 355 S.E.2d 273 (Ct.App.1986), the note provided that upon default, the whole amount due became immediately due and payable at the Holder's option and that the Holder had the right to institute legal proceedings thereon. Unlike the present case, however, the notes in *Allendale* or *Hendrix*, had **no** provision which appeared to require notice.