In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-4483

CAROLYN G. KOCHERT,

*Plaintiff-Appellant,*

*v.*

ADAGEN MEDICAL INTERNATIONAL, INCORPORATED
and NORTH AMERICAN MEDICAL CORPORATION,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division at Lafayette.
No. 05 C 40—**Allen Sharp**, *Judge.*

ARGUED SEPTEMBER 6, 2006—DECIDED JUNE 28, 2007

Before ROVNER, EVANS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* This appeal presents the question whether a claim for fraudulent inducement of a contract is subject to the contract's forum-selection clause, and if so, whether the district court correctly dismissed this suit for improper venue. Carolyn Kochert, a medical doctor based in Lafayette, Indiana, filed a single-count complaint in federal court in the Northern District of Indiana seeking damages against Adagen Medical International, Inc., and North American Medical Corporation (collectively "Adagen"), each with principal places of business in Georgia. Kochert alleged Adagen made fraudu-

lent written and verbal representations to induce her to enter into a contract to purchase a piece of medical equipment. The district court dismissed Kochert's complaint for improper venue, citing the contract's "Governing Law/Venue/Forum" clause, which provides (among other things) that Kochert consents to "jurisdiction, venue and forum in the State Court of Fulton County, Georgia." The court took the view that any misrepresentation forming the basis of Kochert's fraudulent inducement claim "necessarily" became "part of" the contract, making the claim subject to the forum-selection clause.

We affirm, but on different reasoning. A misrepresentation made in the inducement of a contract is not "necessarily" incorporated into the contract. A fraudulent inducement claim generally requires an election of remedies: either affirm the contract, retain the benefits, and seek damages, or rescind the contract, return the benefits, and seek restitution (reimbursement for expenses incurred as a result of the fraud). Here, Kochert elected to affirm the contract and sue for damages; that election, however, does not necessarily make the alleged misrepresentation "part of" the contract, as the district court apparently thought was required for the forum-selection clause to apply.

But dismissal for improper venue was correct in any event. The forum-selection clause contains no language limiting its application to certain categories of claims or remedies. The parties agreed to the State Court of Fulton County, Georgia, as the place of "jurisdiction, venue and forum" for disputes about their respective rights and obligations without regard to the nature of the claim; that choice is valid, enforceable, and broad enough to apply to Kochert's fraudulent inducement claim.

## I. Background

Kochert, an anesthesiologist and pain specialist practicing in Lafayette, considered purchasing the Accu-Spina System (the "System") from Adagen for use in her medical practice. The System administers a form of noninvasive, nonsurgical, computer-directed treatment for back pain, and in communications leading up to the purchase, Adagen made verbal and written representations to Kochert that patient treatments using the System would be reimbursable by third-party payors such as Medicare and private insurers. In reliance on these representations, Kochert entered into a written purchase and sale agreement with Adagen. Both parties fully performed under the contract, which is to say Adagen delivered and installed the System and Kochert made full payment. Kochert began using the System to treat patients; however, third-party payors subsequently denied her reimbursement claims.

Kochert sued Adagen for fraudulent inducement but did not (and could not) allege a separate claim for breach of contract; the contract contained no warranty or other language relating to third-party payors or the reimbursability of treatment claims. Adagen moved to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, citing the contract's "Governing Law/Venue/Forum" clause. That clause provides as follows:

GOVERNING LAW/VENUE/FORUM

> This Agreement and the rights and obligations of Buyer and Seller shall be governed by and construed in accordance with the laws of the State of Georgia in the United States of America. *Buyer agrees to consent to jurisdiction, venue and forum in the State Court of Fulton County, Georgia, United States of America.* Buyer further agrees to and does hereby irrevocably waive the defense of

inconvenient forum and further irrevocably waives trial by jury. Any controversy, dispute, claim or complaint of whatever nature arising out of, in connection with, or in relation to the interpretation, performance or breach of this Agreement including any claim based on contract, tort or statute, shall be resolved through a binding, irrevocable and final Arbitration at JAMS/ ENDISPUTE, County of Fulton, State of Georgia. . . .

(Emphasis added.)

The district court granted the Rule 12(b)(3) motion, holding that Kochert's fraudulent inducement claim "arises out of, is connected with, and relates to" a breach of the parties' contract because "[a]ny promise or representation that could give rise to a fraud in the inducement claim is necessarily part of the 'Agreement' that defines the appropriate forum for this dispute." The appropriate forum, the court held, "is the State Court in Fulton County, Georgia." The court later granted Kochert's motion to reconsider "to the following extent: the essential holding of the Court's . . . order was that this Court is not the proper venue for the Plaintiff's cause of action. That essential holding shall remain unchanged. However, the Court does not wish to opine on the proper *forum* for this dispute, and any statement contained in the . . . order that could be read as doing so should be disregarded." (Emphasis in original.)

## II. Discussion

The district court's order granting Adagen's Rule 12(b)(3) motion for improper venue based on the contractual forum-selection clause is subject to de novo review. *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005);

*Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 607 (7th Cir. 2003).

There is a threshold question about what law applies. Neither the district court nor the parties has directly addressed the matter. The district court applied federal law. In their appellate briefing, both sides apply the law of the forum, Indiana, *and* federal law. Neither party argues that the application of Georgia law (pursuant to the contract's choice-of-law provision) would alter the outcome of the case. Where the parties have not identified a conflict in state law, we will generally apply the law of the forum state. *Gould v. Artisoft, Inc.,* 1 F.3d 544, 549 n.7 (7th Cir. 1993). But as between Indiana and federal law, the rule is unclear. We have previously noted that it is unsettled in this circuit "whether state or federal law applies in a dispute over a forum selection clause when the case is dismissed rather than transferred pursuant to 28 U.S.C. § 1404(a)." *Muzumdar v. Wellness Int'l Network, Ltd.,* 438 F.3d 759, 761 n.2 (7th Cir. 2006); *see also IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.,* 437 F.3d 606, 608-09 (7th Cir. 2006). We need not resolve the question here, however. The parties agree that the forum-selection clause is valid and enforceable under either federal or state law; they dispute only whether this lawsuit falls within the scope of the clause.

As we have noted, the forum-selection clause is located in the paragraph of the contract entitled "Governing Law/Venue/Forum," which addresses choice of law, jurisdiction, venue, forum selection, and arbitration. The first clause of the paragraph specifies that "this Agreement" and the "rights and obligations" of the parties "shall be governed by and construed in accordance with the laws of the State of Georgia." This choice-of-law provision is immediately followed by the forum-selection clause, which provides that Kochert "agrees to consent to jurisdiction, venue and forum in the State Court of Fulton County,

Georgia." The next sentence waives any inconvenient forum defense and trial by jury. Finally, there is an arbitration clause:

> Any controversy, dispute, claim or complaint of whatever nature arising out of, in connection with, or in relation to the interpretation, performance or breach of this Agreement including any claim based on contract, tort or statute, shall be resolved through a binding, irrevocable and final Arbitration at JAMS/ENDISPUTE, County of Fulton, State of Georgia.

Kochert structures her argument around the language of the arbitration clause. She asserts that her claim for fraudulent inducement does not "arise out of," is not "connected with," and does not "relate to" the "interpretation, performance or breach" of the contract. A fraudulent inducement claim, she argues, is separate and distinct from a claim on the contract. Here, the contract was fully performed in that Adagen delivered the System and Kochert paid for it, so she has no claim for breach. In any event, her argument continues, the contract's integration clause and the parole evidence rule preclude her from making a contract claim based on statements Adagen made during contract negotiations. Her fraud claim, she maintains, is completely independent of the contract, and the forum-selection clause therefore does not apply.

The flaw in this line of argument is that it relies on the language of the arbitration clause, but the question of arbitrability is not presently before the court. Adagen did not move to compel arbitration pursuant to the arbitration clause; it moved to dismiss pursuant to Rule 12(b)(3) for improper venue. True, Adagen believes that Kochert's claim must be submitted to arbitration, but that question has not been properly presented; the parties' dispute about arbitrability must be left for another day.

The district judge got off on the wrong foot by adopting Kochert's mode of analysis. Referring to the language of the arbitration clause, the judge concluded that Kochert's fraudulent inducement claim "arises out of, is connected with, and relates to [a] breach of the agreement in question" because "[a]ny promise or representation" underlying the fraud claim is "necessarily part of the 'Agreement' that defines the appropriate forum for this dispute." This is both an incorrect reading of the contract and incorrect as a matter of common law. Taking the latter first, a misrepresentation that fraudulently induces the making of a contract does not "necessarily" become "part of" the contract. Under Indiana law:

> Generally, a party bringing an action for fraud in the inducement must elect between two remedies. . . . One alternative is to affirm the contract, retain the benefits, and seek damages. . . . The other alternative is to rescind the contract, return any benefits received, and be returned to the status quo. . . . If a party elects to rescind the contract, the trial court must adjust the equities and attempt to return the parties to the status quo. . . . This usually necessitates not just a rescission of the contract, but also a return of money or other things received or paid under the contract, plus reimbursement as special damages, for any reasonable expenditures incurred as a proximate result of the fraudulent conduct.

*Am.'s Directories, Inc. v. Stellhorn One Hour Photo, Inc.*, 833 N.E.2d 1059, 1068 (Ind. Ct. App. 2005) (internal citations omitted). The election of remedies requirement in fraudulent inducement cases is not particular to Indiana. *See* RESTATEMENT (SECOND) OF CONTRACTS §§ 164 cmt. a, 378 (1981); RESTATEMENT (SECOND) OF TORTS, § 896 cmt. b (1977); 48 AM. JUR. 3D *Proof of Facts* § 329 at § 17 (2007). Here, Kochert affirmed the contract and sued for damages, but this election does not mean the alleged

misrepresentation (if proved) is incorporated into the contract, as the district judge apparently believed.

The district court also mistakenly imported the terms of the arbitration clause into the forum-selection clause. Perhaps the language of the arbitration clause does have some limited interpretive significance here; it, like the forum-selection clause, points to Fulton County, Georgia. But the district court was wrong to decide the Rule 12(b)(3) motion by reference to the specific limiting language contained in the arbitration clause when the question of arbitrability was not before the court. The forum-selection clause is phrased far more generally. In it, Kochert consents to "jurisdiction, venue and forum in the State Court of Fulton County, Georgia" without regard to the nature of the claim. The forum-selection clause contains no language limiting its application to claims "arising out of, in connection with, or in relation to the interpretation, performance or breach" of the contract, as does the arbitration clause.[1] Kochert might have argued that the forum-selection clause should be construed as merely permissive or nonexclusive.[2] But she did not raise, much less develop this argument, and undeveloped arguments are waived. *Wang v. Gonzales,* 445 F. 3d 993, 999 (7th Cir. 2006); *Weinstein v. Schwartz,* 422 F.3d 476, 477 n.1 (7th Cir. 2005).

Kochert's fraudulent inducement claim stems from her contractual relationship with Adagen. The contract's

---

[1] We express no opinion on the proper interpretation of the arbitration clause.

[2] Contractual jurisdiction, venue, and forum clauses can be mandatory (exclusive) or permissive (nonexclusive). *See, e.g.*, *Muzumdar v. Wellness Int'l Network, Ltd.,* 438 F.3d 759,761-62 (7th Cir. 2006); *Frietsch v. Refco, Inc.*, 56 F.3d 825, 829 (7th Cir. 1995); *Paper Express Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 755-57 (7th Cir. 1992).

forum-selection clause is not limited to claims for breach. The language stipulates to "jurisdiction, venue and forum" in the State Court of Fulton County, Georgia, for the resolution of disputes, regardless of the category of the claim. This broad language is most reasonably interpreted to encompass Kochert's fraudulent inducement claim. The parties' choice of Georgia law and arbitration (if applicable) in Fulton County, Georgia, also suggests that venue in the Northern District of Indiana is improper. We conclude that the forum-selection clause applies here.

Our conclusion is consistent with *American Patriot Insurance Agency v. Mutual Risk Management, Ltd.,* 364 F.3d 884 (7th Cir. 2004). There, the plaintiff sued for breach of contract and fraudulent inducement. The parties' forum-selection clause provided that "any dispute concerning this Agreement shall be resolved exclusively by the courts of Bermuda." *Id.* at 886. The plaintiff argued that because its claims were not purely contractual, the forum-selection clause should not apply. We disagreed, noting that a plaintiff cannot defeat a forum-selection clause "by its choice of provisions to sue on, of legal theories to press, and of defendants to name in the suit." *Id.* at 888. That the plaintiff alleged fraud was not enough to make the contract's forum-selection clause inapplicable:

> [A] dispute over a contract does not cease to be such merely because instead of charging breach of contract the plaintiff charges a fraudulent breach, or fraudulent inducement, or fraudulent performance. . . . The reason is not that contract remedies always supersede fraud remedies in a case that arises out of a contract; sometimes they do, sometimes they don't. . . . It is that the existence of multiple remedies for wrongs arising out of a contractual relationship does not obliterate the contractual setting, does not make the dispute any less one arising under or out of or concerning the contract, and does not point to a better

forum for adjudicating the parties' dispute than the one they had selected to resolve their contractual disputes.

*Id.* at 889 (internal citations omitted).

It is true that the language of the forum-selection clause in *American Patriot* is stronger than that in the forum-selection clause here, using the words "shall" and "exclusively" whereas the language in our clause is the more general "Buyer agrees to consent to jurisdiction, venue and forum in the State Court of Fulton County, Georgia." But Kochert did not argue that this forum-selection clause is permissive rather than mandatory, as we have noted. And *American Patriot*'s primary point—that alleging a noncontract claim or remedy does not "obliterate the contractual setting" for purposes of the forum-selection clause—is fully applicable here. *See also Hugel v. Corp. of Lloyd's,* 999 F.2d 206, 209 (7th Cir. 1993) (rejecting the argument that a tortious interference with business relationship claim is not covered by a contractual forum-selection clause).

For the foregoing reasons, the district court's order dismissing this action on improper venue grounds pursuant to Rule 12(b)(3) is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*