681 S.E.2d 890

**Carl STECKER, Respondent,**

v.

**TALX CORPORATION, Appellant.**

**No. 4582.**

Court of Appeals of South Carolina.

Heard Feb. 18, 2009.

Decided July 1, 2009.

Michael J. Giese, of Greenville, for Appellant.

Curtis W. Stodghill and Larry L. Plumblee, both of Greenville, for Respondent.

LOCKEMY, J.

TALX Corporation (TALX) appeals the trial court's grant of Carl Stecker's motion for a preliminary injunction. TALX argues the trial court erred in: (1) finding Stecker's declaratory judgment action was an action for damages or injunctive and other equitable relief within the meaning of section 10.9(g) of the parties' agreement; (2) finding the parties' agreement prohibited TALX from pursuing its counterclaims in arbitration; and (3) failing to give binding effect to two decisions of the arbitration panel.

## FACTS

In October 2004, TALX purchased Net Profit, Inc., a solely owned South Carolina company, from Stecker pursuant to an acquisition agreement. TALX's acquisition agreement with Stecker contained an Alternative Dispute Resolution provision under which the parties agreed to resolve disputes through arbitration. The agreement contained one exception to the

arbitration provision regarding claims for indemnification. The exception provided that any party could seek damages or injunctive and other equitable relief for any dispute related to indemnification either in court or in arbitration.

Net Profit provided consulting services to businesses and assisted them in obtaining federal tax credits. After TALX purchased Net Profit, a number of clients sought refunds from Net Profit for tax credits the IRS had disallowed. TALX sought indemnification from Stecker for the claims it paid to these clients. These indemnification claims became the basis for Stecker's declaratory judgment action and TALX's counterclaims in arbitration.

In November 2006, Stecker filed a demand for arbitration in Missouri seeking amounts due on the purchase price. In December 2006, Stecker filed this declaratory judgment action in Greenville pursuant to sections 15–53–10 to 40 of the South Carolina Code (2005). In his action, Stecker asked the trial court to determine whether TALX was entitled to indemnification in accordance with Article IX of the agreement for claims made against TALX by third parties. TALX filed counterclaims in the Missouri arbitration in January 2007. These counterclaims consisted of the same indemnification claims that formed the basis for the declaratory judgment action filed by Stecker.

In July 2007, Stecker filed a motion asking the trial court to enjoin TALX from pursuing its defenses and counterclaims in the arbitration. The trial court ordered the counterclaims stayed and, in the alternative, granted a temporary injunction prohibiting the arbitrators from hearing the indemnification claims. This appeal arises from the trial court's order finding TALX's counterclaims in arbitration were stayed.[1]

## STANDARD OF REVIEW

"Actions for injunctive relief are equitable in nature." *Doe v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 347 S.C. 642, 645, 557 S.E.2d 670, 672 (2001). "In equitable actions, the appellate court may review the record

---

1. The trial court has yet to issue a final ruling on Stecker's declaratory judgment action.

and make findings of fact in accordance with its own view of a preponderance of the evidence." Id. The appellate court is "not required to disregard findings of the trial judge who saw and heard the witnesses and was in a better position to judge their credibility." *Satcher v. Satcher*, 351 S.C. 477, 482, 570 S.E.2d 535, 538 (Ct.App.2002).

## LAW/ANALYSIS

### I. Stecker's declaratory judgment action

■ TALX argues the trial court erred in finding Stecker's declaratory judgment action was an action for damages. TALX argues section 10.9(g) does not apply to Stecker's declaratory judgment action because Stecker's complaint does not seek damages, an injunction, or any other equitable relief. TALX contends Stecker's declaratory judgment action is an action for construction of a contract and is therefore a legal rather than equitable action. We agree.

Here, the trial court allowed Stecker's declaratory judgment action based on the contract language. Specifically, the trial court determined Stecker's declaratory judgment action was a damages action and found that because Stecker sought to prevent TALX from recovering damages rather than seeking to recover damages from TALX, his claim was not excluded from the provisions of Article 10.9(g).

We find the trial court erred in determining Stecker's declaratory judgment action was a damages action. The parties' agreement contains a mandatory arbitration clause in section 10.9. However, section 10.9(g) of the agreement provides an exception to mandatory arbitration when either party has a damages claim. Specifically, 10.9(g) states:

Notwithstanding any other provision in this Agreement, *any Party may* seek and obtain damages and injunctive and other equitable relief from a court of competent jurisdiction without resorting to negotiations or arbitration for any Dispute related to [the indemnification provisions] of this agreement.

(*emphasis* added)

■ We agree with TALX's assertion that Stecker's declaratory judgment action is an action for construction of a

contract and is therefore a legal rather than an equitable action. This court has found "[a] suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue." *Query v. Burgess,* 371 S.C. 407, 410, 639 S.E.2d 455, 456 (Ct.App.2006). "To make this determination we look to the main purpose of the action as determined by the complaint." *Id.*

In his complaint, Stecker sought a declaration from the trial court that he was not liable for damages on TALX's indemnification claims. Specifically, Stecker asked the trial court to find TALX was not entitled to indemnification because under the terms of the agreement there had been no event giving rise to the duty of indemnification. Additionally, Stecker based his claim on TALX's failure to give proper notice to Stecker under the terms of the agreement before paying the claims for which indemnification was sought.

In the present action, Stecker is not seeking damages. Rather, he is asking the trial court to interpret the parties' agreement, which is a question of law. *See Silver v. Aabstract Pools & Spas, Inc.,* 376 S.C. 585, 590, 658 S.E.2d 539, 541 (Ct.App.2008) (providing the interpretation of a contract is an action at law). Accordingly, Stecker's filing of a preemptory declaratory judgment action did not convert his legal claim into an equitable claim. *See Jacobs v. Serv. Merchandise Co.,* 297 S.C. 123, 127, 375 S.E.2d 1, 3 (Ct.App.1988) ("An action which is essentially one at law is not converted into an equitable action because it is brought pursuant to the Declaratory Judgment Act").

It appears Stecker is trying to preclude TALX's right to bring its indemnification claims in the forum of its choice. However, Stecker was bound by the provisions of his agreement with TALX, which required the parties to arbitrate all disputes unless the party sought damages or equitable relief. Because Stecker did not seek damages or equitable relief in his complaint, his declaratory judgment action did not trigger section 10.9(g). Accordingly, the trial court erred in finding Stecker's declaratory judgment action was an action for damages within the meaning of section 10.9(g) of the parties' agreement.

## II. TALX's counterclaims in arbitration

 TALX argues the trial court erred in interpreting section 10.9(g) of the parties' agreement to mean TALX is prohibited from pursuing its indemnification claims against Stecker in arbitration. Based on our ruling above, we agree.

### A. Ambiguity in trial court's ruling

There are ambiguities in the trial court's order. On one hand, the trial court seems to suggest TALX could pursue indemnification through arbitration. Specifically, the trial court found TALX would not be harmed if its indemnification counterclaims were stayed pending the outcome of the declaratory judgment action. Moreover, the trial court determined TALX agreed indemnification provisions could be arbitrated or litigated. The trial court further found that "a denial of a stay or injunction would rob [Stecker] of [his] bargained-for rights under the Acquisition Agreement."

However, other language suggests TALX could not pursue indemnification through arbitration. The trial court found the parties had "carved out indemnification claims" and that TALX wanted to ignore the contract and create a situation where "indemnification claims could be subject to two identical adjudications before two separate tribunals." Furthermore, the trial court found section 10.9(g) was "nonsensical" and subjected the parties to a "multiplicity of identical claims." Because the practical effect of the trial court's ruling prohibited TALX from pursuing indemnification through arbitration, we specifically address TALX's indemnification remedies below.

### B. Indemnification through arbitration

We find TALX can pursue its indemnification claims against Stecker in the current arbitration in Missouri based on our interpretation of the contract. *See Schulmeyer v. State Farm Fire & Cas. Co.*, 353 S.C. 491, 495, 579 S.E.2d 132, 134 (2003) ("When a contract is unambiguous a court must construe its provisions according to the terms the parties used; understood in their plain, ordinary, and popular sense."); *see also Ellis v. Taylor*, 316 S.C. 245, 248, 449 S.E.2d 487, 488 (1994) ("The court's duty is to enforce the contract made by the

parties regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully."). Based on the clear language of section 10.9(g), TALX could either bring an indemnification claim in arbitration or in court. Accordingly, we believe the trial court erred in finding section 10.9(g) of the parties' agreement prohibited TALX from pursuing its counterclaims in arbitration.

## C. Arbitration panel decisions

TALX argues the trial court erred in failing to give binding effect to the arbitration panel's rulings that TALX could assert its indemnification claims in arbitration. Based on our finding that TALX can pursue its indemnification claims against Stecker in arbitration, we need not address whether the trial court erred in failing to defer to the arbitration panel's rulings. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal); *see also Dwyer v. Tom Jenkins Realty,* 289 S.C. 118, 120, 344 S.E.2d 886, 888 (Ct.App.1986) ("Where a decision is based on two grounds, either of which, independent of the other, is sufficient to support it, it will not be reversed on appeal because one of those grounds is erroneous.").

## CONCLUSION

We find Stecker's declaratory judgment action was not an action for damages within the meaning of section 10.9(g) of the parties' agreement, and that TALX can pursue its indemnification claims in arbitration. Consequently, the trial court erred in staying TALX's counterclaims and granting Stecker's motion for preliminary injunction. Accordingly, the trial court's order is

**REVERSED.**

HEARN, C.J., and PIEPER, J., concur.