**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Randy A. Beverly, LLC and Donald Godwin, LLC, Plaintiffs,

v.

Bucksville Farms, Inc., Defendant & Third Party Plaintiff,

v.

Randy A. Beverly and Donald Godwin, Third Party Defendants & Fourth Party Plaintiffs,

v.

Benjamin J. Creel, individually and as surviving director of Bucksville Farms, Inc., Fourth Party Defendant,

Of whom Bucksville Farms, Inc., Benjamin J. Creel, individually and as surviving Director of Bucksville Farms, Inc. are the Appellants,

and

Randy A. Beverly, LLC, Donald Godwin, LLC, Randy A. Beverly and Donald Godwin are the Respondents.

Appellate Case No. 2012-212984

Appeal From Horry County
Ralph P. Stroman, Special Referee

Unpublished Opinion No. 2014-UP-028
Heard November 12, 2013 – Filed January 22, 2014

**AFFIRMED**

James P. Stevens, Jr., of Stevens Law Firm, PC, of Loris,
and James B. Richardson, Jr., of Columbia, for
Appellants.

John Dwight Hudson, of Hudson Law Offices, of Myrtle
Beach, for Respondents.

**PER CURIAM:**  In this breach of contract action involving the sale of real estate,
Bucksville Farms, Inc. and Benjamin Creel, individually and as surviving director
of Bucksville Farms, Inc., (collectively, Appellants), appeal from the Special
Referee's order finding the purchase agreement ("Agreement") precluded its action
for actual damages for breach of contract by the purchasers, Randy Beverly, LLC,
Randy Beverly, Donald Goodwin, LLC, and Donald Goodwin (collectively,
Respondents).  Appellants argue the Special Referee erred in holding the only
remedies available were forfeiture of the earnest money and specific performance.

We find the Special Referee correctly determined the Agreement was
unambiguous. *See Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374
S.C. 483, 498, 649 S.E.2d 494, 501 (Ct. App. 2007) ("To discover the intention of
a contract, the court must first look to its language – if the language is perfectly
plain and capable of legal construction, it alone determines the document's force
and effect.").  We further find the Special Referee correctly determined that had
there been any ambiguity, it would have been resolved against Appellants, who
drafted the Agreement. *See Davis v. KB Home of S.C., Inc.*, 394 S.C. 116, 129 n.4,

713 S.E.2d 799, 805 n.4 (Ct. App. 2011) (holding any ambiguity in an agreement must be construed against the drafter).  Appellants assert that under *Bannon v. Knauss*, 282 S.C. 589, 592, 320 S.E.2d 470, 472 (Ct. App. 1984), the rule in South Carolina is that remedies specified in a real estate sales agreement are not the exclusive remedies of the seller unless the agreement clearly limits the seller to those remedies.  We find *Bannon* is not applicable to this case because the Agreement's language is clear as to the exclusive remedies available to the seller, which were forfeiture of the earnest money and specific performance.  *See Ellis v. Taylor*, 316 S.C. 245, 248, 449 S.E.2d 487, 488 (noting a court's duty is to enforce an unambiguous contract according to its terms "regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully").

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**