SAGITTARIUS SPORTING GOODS COMPANY, LTD, and, the Grill Company, LLC, Plaintiffs,

v.

LG SOURCING, INC., Defendant.

CIVIL ACTION NO. 3:15–00496–MGL

United States District Court,
D. South Carolina, Columbia Division.

Signed February 23, 2016

Eric Bauman Amstutz, Meliah Bowers Jefferson, Wyche Law Office, Greenville, SC, Matthew T. Richardson, Wyche Law Office, Columbia, SC, for Plaintiffs.

Burl Franklin Williams, William W. Wilkins, Nexsen Pruet, Greenville, SC, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

MARY GEIGER LEWIS, UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

In this action, Plaintiff Sagittarius Sporting Goods Company, Ltd (Plaintiff Sagittarius), and, Plaintiff The Grill Company, LLC (Plaintiff Grill Company), (collectively, Plaintiffs), bring claims against Defendant LG Sourcing (LGS) for breach of contract, breach of contract accompanied by a fraudulent act, fraudulent misrepresentation, negligent misrepresentation, violations of both the North Carolina and South Carolina Unfair and Deceptive Trade Practices Acts, conversion of parts inventory and conversion of interest on wrongfully withheld payments. The Court has jurisdiction over the matter based on 28 U.S.C. § 1332.

Pending before the Court is Defendant LGS's Motion to Transfer under 28 U.S.C. § 1404(a) or, in the alternative, Motion to Dismiss pursuant to the doctrine of forum non conveniens. Having carefully considered the motions, the response, the reply, the record, and the relevant law, it is the judgment of this Court that Defendant LGS's Motion to Transfer will be granted and its Motion to Dismiss pursuant to the doctrine of forum non conveniens will be rendered moot.

### II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Sagittarius and Defendant LGS entered into the LGS Master Standard Buying Agreement (the Agreement) on or about May 30, 2005. According to the terms of the Agreement, Plaintiff Sagittarius manufactured grills, which Defendant LGS agreed to buy. The grills were sold by Lowe's stores under their private label "Master Forge." Plaintiff Grill Company worked with Plaintiff Sagittarius in marketing its grill manufacturing capabilities in the United States. Both Plaintiffs are located in Columbia, South Carolina.

According to the Agreement, "[t]he initial term of this Agreement is for one (1) year commencing on the date first written above and shall automatically renew on a year-to-year basis thereafter, unless terminated by written notice by either party not later than sixty (60) days prior to the end of the then current term." ECF No. 8–4 at 28.

The Agreement[1] also contains a mandatory forum selection clause[2] stating that

[t]his Agreement shall be construed and enforced in accordance with the laws of the State of North Carolina, USA. The parties agree that the courts within the State of North Carolina will have exclusive jurisdiction with venue being in

---

1. The parties use the words "Agreement" and "contract" interchangeably. The Court will do the same.

2. Defendant LGS employs the term "forum selection clause" for the clause at issue here, but Plaintiffs use the term "venue selection clause" to refer to the same clause. For the sake of clarity, the Court will at all times refer to this portion of the Agreement as "the forum selection clause."

Wilkes County, State of North Carolina, USA. Vendor [Sagittarius] in executing this Agreement, hereby submits itself to the jurisdiction of the federal and state courts of the State of North Carolina, USA.

*Id.* at 25.

On or about May 28, 2014, Defendant LGS's representatives telephoned Plaintiff Sagittarius to inform it orally that Defendant LGS had decided not to purchase any grills from Plaintiff Sagittarius for the 2015 season. This lawsuit arises from that decision.

Plaintiffs filed suit in this Court, after which Defendant LGS filed its Motion to Transfer under 28 U.S.C. § 1404(a) or, in the alternative, a Motion to Dismiss under the doctrine of forum non conveniens. Plaintiffs have filed their response to the motions and Defendant LGS has filed its reply. Thus, Defendant LGS's motions are now ripe for review.

## III. STANDARD OF REVIEW

### A. *Motion to Transfer under 28 U.S.C. § 1404(a) with a forum selection clause*

■ Section 1404(a) of Title 28 of the United States Code states that, "[fo]r the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When the question as to whether the Court should enforce a forum selection clause under Section 1494(a) arises, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* —— U.S. ——, 134 S.Ct. 568, 575, 187 L.Ed.2d 487 (2013). Stated differently, a forum-selection clause must be "given controlling

weight in all but the most exceptional cases." *Id.* at 579 (citation omitted) (internal quotation marks omitted).

■ According to the Supreme Court, "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* at 581. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 582. And "[t]hird, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules-a factor that in some circumstances may affect public-interest considerations." *Id.* Accordingly, only the public-interests may weigh against transfer, and "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that the forum-selection clauses should control except in unusual cases." *Id.*

■ "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 584 n. 6. In all but the most unusual cases, . . . "the interest of justice" is served by holding parties to their bargain. *Id.* at 583.

### B. *Motion to Dismiss based on the doctrine of forum non conveniens*

■ When considering a motion to dismiss under the doctrine of forum non

conveniens, the district court must decide if the alternative forum is: 1) available; 2) adequate; and 3) more convenient in light of the public and private interests involved. *Jiali Tang v. Synutra Int'l, Inc.,* 656 F.3d 242, 248 (4th Cir.2011) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The movant has the burden of establishing that an adequate alternative forum exists. *Galustian v. Peter,* 591 F.3d 724, 731 (4th Cir.2010).

## IV. CONTENTIONS OF THE PARTIES

Defendant LGS argues that Plaintiffs' action ought to be transferred to the Western District of North Carolina in accord with the forum selection clause contained in the Agreement and *Atl. Marine Const. Co.* Defendant LGS also contends that, even if there were no forum selection clause, the Court should nevertheless transfer Plaintiffs' lawsuit under the factors that a district court normally considers when deciding whether to grant a motion to transfer under 28 U.S.C. § 1404(a). In the alternative, Defendant LGS moves the Court to dismiss the case under the doctrine of forum non conveniens.

According to Plaintiffs, there are extraordinary circumstances present in this case that make the enforcement of the forum selection clause improper. They aver that the forum selection clause is ambiguous and unenforceable, that Plaintiff Grill Company is not a party to the Agreement, and that the Agreement's scope fails to cover its claims against Defendant LGS. Plaintiffs further declare that transfer under Section 1404(a) would be improper even if no forum selection clause was at issue. Finally, Plaintiffs assert that dismissal for forum non conveniens is inappropriate.

The Court will address the contentions of the parties below.

## V. DISCUSSION AND ANALYSIS

### A. *This case should be transferred.*

Defendant LGS avows this case should be transferred to the Western District of North Carolina. The Court agrees.

As already noted above, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Const. Co.,* 134 S.Ct. at 575. A forum-selection clause must be "given controlling weight in all but the most exceptional cases." *Id.* at 579 (citation omitted) (internal quotation marks omitted). Only the public-interests may weigh against transfer.

### B. *The public interest factors do not weigh against transfer.*

■ It appears that court congestion is not an issue in either of the district courts, so that factor neither favors nor disfavors transfer. The local interest in having localized controversies decided at home weighs in favor of transfer inasmuch as the principal place of business for the alleged wrong-doer, Defendant LGS, is located in Wilkes County, North Carolina. The preference of having this diversity case adjudicated in the forum that is much more at home with the law of North Carolina than this Court is also counsels in favor of transfer. Accordingly, the Court holds that the public interest factors do not weigh against transfer.

### C. *The Agreement states the forum where this action should be adjudicated.*

As noted above,

This Agreement shall be construed and enforced in accordance with the laws of the State of North Carolina, USA. The parties agree that the courts within the State of North Carolina will have exclusive jurisdiction with venue being in Wilkes County, State of North Carolina,

USA. Vendor [Sagittarius] in executing this Agreement, hereby submits itself to the jurisdiction of the federal and state courts of the State of North Carolina, USA.

ECF No. 8–4 at 25. In other words, according to the forum selection clause, venue is in Wilkes County, North Carolina, and, for purposes of venue, this federal case should be heard in the district court that covers Wilkes County: the Western District of North Carolina.

### D. Berry Floor does not present any extraordinary circumstances.

According to Plaintiffs, Defendant LGS argued in a similar lawsuit in the Western District of North Carolina that an almost identical agreement was unenforceable, *See Berry Floor NV v. LG Sourcing*, No. 5:09–CV–14, 2010 WL 1633173 (W.D.N.C. April 21, 2010). Accordingly, Plaintiffs state that for Defendant LGS to contend that an almost identical agreement in *Berry Floor* was unenforceable, but maintain that it is enforceable here is unfair and amounts to extraordinary circumstances, which makes the enforcement of this forum selection clause both unreasonable and unenforceable. But, *Berry Floor* does nothing to advance Plaintiffs' argument.

In *Berry Floor,* Defendant LGS "assert[ed] that Berry Floor ha[d] failed to state a claim for breach of contract because Berry Floor's complaint d[id] not allege any damages that resulted from LGS's alleged breach. *Id.* at *4. That is not at issue here. Consequently, the Court is unable to find the extraordinary circumstances that Plaintiffs contend make the forum selection clause in the Agreement unreasonable and unenforceable.

### E. The forum selection clause is not ambiguous and is, thus, enforceable.

Plaintiffs also proclaim that "[t]he clause purporting to require exclusive venue in Wilkes County, North Carolina[,] is not possible in this case, which is properly pending in federal court, and so the venue selection clause is ambiguous. [Defendant] LGS acknowledges Wilkes County has no federal courthouse." ECF No. 21 at 10. The cogency of this argument eludes the Court.

As a preliminary matter, the Court notes that, to adopt Plaintiffs' rationale, this Court would be deciding, in effect, that federal venue lies only in counties that have a federal court building located inside their borders. But, this is simply not so.

 Turning to the meaning of the forum selection clause, "[c]ontract interpretation begins with the plain language of the agreement." *Stevens Aviation, Inc. v. DynCorp Int'l LLC*, 407 S.C. 407, 756 S.E.2d 148, 152 (2014) (citation omitted) (internal quotation marks omitted). There can be no dispute that a contract that is ambiguous is to be construed against the drafter. *S. Atl. Fin. Servs., Inc. v. Middleton*, 356 S.C. 444, 590 S.E.2d 27, 29 (2003) ("Ambiguous language in a contract ... should be construed liberally and interpreted strongly in favor of the nondrafting party.") But, a contract is to be read as a whole document so that one may not create an ambiguity merely by pointing out a single sentence or clause. *McGill v. Moore*, 381 S.C. 179, 672 S.E.2d 571, 574 (2009). "Courts are to assume that the parties intended that a binding contract be formed, and thus, any choice of alternative interpretations, with one interpretation saving the contract and the other voiding it, should be resolved in favor of the interpretation that saves the contract." *Stevens Aviation*, 756 S.E.2d at 153 (citation omitted) (internal quotation marks omitted) (alteration omitted). Further, "an interpretation that gives meaning to all parts of the contract is preferable to one which renders provisions in the con-

tract meaningless or superfluous." *Id.* (citation omitted) (internal quotation marks omitted).

█ It is axiomatic that the law that applies to the interpretation of a contract as a whole applies to the interpretation of a clause contained in a contract, as well. And, a proper interpretation of the forum selection clause under well-established contract law demonstrates that Plaintiffs are mistaken in thinking that the Court is unable to transfer this case because there is no federal courthouse in Wilkes County, North Carolina.

█ In this instance, the drafter is Defendant LGS. So, any ambiguities are construed against it. But, when this clause is read as a whole, the Court is left with no other choice but to hold that the intent of the parties when they entered into the Agreement was that the parties would be subject to having their disputes regarding the Agreement decided by both the federal and the state courts of North Carolina. Plaintiffs' interpretation of the forum selection clause will void the forum selection clause, which the law does not favor, yet Defendant LGS's interpretation will save it. In this forum selection clause, Plaintiff Sagittarius submitted to the jurisdiction of both the state and the federal courts in North Carolina. To submit to the federal court's jurisdiction in North Carolina, but then argue that because there is not a federal courthouse in Wilkes County, North Carolina venue is improper there, renders Plaintiff Sagittarius's submission to the jurisdiction to the federal courts in North Carolina meaningless. Thus, the Court concludes that the forum selection clause is not ambiguous and is, thus, enforceable.

### F. Plaintiff Grill Company is bound by the Agreement.

Plaintiffs argue, albeit briefly, and in a footnote at that, that Plaintiff Grill Company is not bound by the forum selection clause because none of its claims are based in the Agreement. The Court disagrees.

If this were the law, then the mandates of *Atl. Marine Const. Co.* could be easily undermined by the clever attorney who joins a party who is not a signator of a contract containing a forum selection clause to the lawsuit for the sole purpose of voiding the forum selection clause in the Agreement. But the law disallows such gamesmanship.

█ [T]o bind a non-party to a forum selection clause, the party must be "closely related" to the dispute such that it becomes "foreseeable" that it will be bound. *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir.1993) (quoting *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir.1988). In the case at hand, it is foreseeable that all of Plaintiffs' claims would travel together. In fact, under the causes of action in the Complaint, Plaintiff Grill Company is never mentioned singularly-not even once. Thus, it appears that the only way that Plaintiff Grill Company will be able to prevail on any of its claims is if Plaintiff Sagittarius prevails on any of its claims-and vice versa. Therefore, because Plaintiffs have failed to marshal a legally sufficient reason as to why it would be unreasonable for this Court to apply the forum selection clause to Plaintiff Grill Company, the Court is left with but one option: to bind Plaintiff Grill Company to the forum selection clause in the Agreement.

### G. All of the claims are covered by the Agreement.

Plaintiffs also argue that not all of the causes of action that they have brought against Defendant LGS fall within the scope of the forum selection clause. The

Court is unable to yield to the force of this reasoning. In fact, each and every one of Plaintiffs' claims originate out of the Agreement. Any argument to the contrary strains the bounds of credulity.

■ A forum selection clause is not limited to claims for breach of contract when the other claims made by the plaintiff apply to the plaintiff's contractual relationship with the defendant. *Kochert v. Adagen Medical Intern., Inc.,* 491 F.3d 674, 679 (7th Cir.2007). Stated another way, "contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties." *Lambert v. Kysar,* 983 F.2d 1110, 1121–22 (1st Cir.1993).

■ As noted by Defendant LGS, Plaintiffs' claims for breach of contract, breach of contract accompanied by a fraudulent act, fraudulent representation, negligent misrepresentation, and the purported violations of the North Carolina and South Carolina Unfair Trade Practices Laws specifically reference the contract and Defendant LGS's alleged failure to abide by it. Those claims are based in part on Defendant LGS's alleged breach of the Agreement. Further, although Plaintiffs fail to employ the term "contract" in laying out their causes of action for conversion of parts inventory and conversion of interest on wrongfully withheld payments, for them to prevail on those claims, Defendant LGS would have had to have breached the Agreement. Thus, for these reasons, the Court holds that all of Plaintiffs' claims are within the scope of the forums selection clause of the Agreement.

*H. The Court declines Plaintiffs' invitation to enforce the Agreement, but not the forum selection clause in the Agreement.*

Plaintiffs argue, as they must if they are to win this lawsuit, that the Agreement is enforceable, but that the forum selection clause contained in the Agreement is not. In other words, Plaintiffs are suing Defendant LGS for the breach of the Agreement while, at the same time, asking this Court to ignore a portion of the Agreement by which they do not wish to abide: the forum selection clause. The Court declines Plaintiffs' invitation.

*I. There is no reason to consider the remaining arguments.*

Defendant LGS asserts that, even without the forum selection clause, the Court should transfer the case after considering the test applied in a case such as this when no forum selection clause exists. Plaintiffs disagree. Having decided Defendant LGS's Motion to Transfer based upon the mandates of *Atl. Marine Const. Co.,* however, the Court need not consider arguments as to whether the case should be transferred absent the forum selection clause. Also, given the Court's decision to grant Defendant LGS's Motion to Transfer under § 1404(a), it declines to offer an advisory opinion on the merits of Defendant LGS's alternative Motion to Dismiss pursuant to the doctrine of forum non conveniens. As the Fourth Circuit has counseled district courts, [i]f the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta. *Karsten v. Kaiser Found. Health Plan of Mid–Atl. States, Inc.,* 36 F.3d 8, 11 (4th Cir.1994).

## VI. CONCLUSION

In sum, having considered all of Plaintiffs' arguments against transfer, the Court holds that Plaintiffs have come up short in establishing that transfer is unwarranted. Consequently, based on the foregoing discussion and analysis, Defendant LGS's Motion to Transfer under § 1404(a) is **GRANTED** and its Motion to

Dismiss pursuant to the doctrine of forum non conveniens is **RENDERED MOOT.**

**IT IS SO ORDERED.**